Per Curiam.

The respondent’s contention that plaintiff cannot be a “ qualified ” person because she was riding in an automobile which was covered by an insurance policy would be sound in the ordinary case. It loses its validity when applied to a case where there has been a successful disclaimer for lack of notice and failure to co-operate on the part of the named insured.
While plaintiff is not entitled to have her default judgment paid by MVAIC as a matter of course, neither has she forfeited her rights to make a claim, where she filed timely notice, simply because she procured a default judgment. She must retry her case as a contested litigation with respondent.
The order appealed from should be unanimously modified by providing: That the default judgment in the amount of $1,039.50 entered on May 8, 1961, insofar as it affects MVAIC, is set aside and the corporation is permitted to proceed in the action as provided in section 614 of the Insurance Law.
As so modified it should be affirmed, without costs.
Benjamin, Gulotta and Eilperin, JJ.
Order modified, etc.