█ WILBUR N. CRESWELL, as Administrator of the Estate of JAMES J. STIEHLE, Deceased, Appellant, v. JOHN DOE et al., Defendants, and MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Respondent.— In an action to recover damages for personal injury and for wrongful death, plaintiff appeals from an order of the Supreme Court, Dutchess County, dated November 30, 1962, which granted the defendant MVAIC's motion to dismiss the complaint on the ground that the action is barred by the two-year Statute of Limitations imposed by section 130 of the Decedent Estate Law. Order reversed, with $10 costs and disbursements; and motion to dismiss the complaint denied. The time of the defendant MVAIC to answer the complaint is extended until 30 days after entry of the order hereon. On June 26, 1959 plaintiff's intestate was allegedly struck and killed by a hit-and-run driver. On October 31, 1961 an order was made granting plaintiff leave to sue the defendant MVAIC; and on April 30, 1962 that order was affirmed by this court (16 A D 2d 697). On September 18, 1962 plaintiff instituted this action. In our opinion: (1) no action could be instituted or enforced against MVAIC without first obtaining leave to sue (Insurance Law, § 618, subd. [a]); (2) this condition precedent was in effect a statutory prohibition which in this case stayed the commencement of the action from June 26, 1959 — the date of the accident and death, until October 31, 1961 — the date when leave to sue was first obtained; (3) the time which elapsed during the continuance of such prohibition or stay was not part of the two-year period limited for the commencement of the wrongful death action, nor of the three-year period limited for the commencement of the personal injury action (former Civ. Prac. Act, § 24; now CPLR 204, subd. [a]). Hence, under the circumstances here, the commencement of the action on September 18, 1962 was timely. Beldock, P. J., Brennan and Hill, JJ., concur; Ughetta and Kleinfeld, JJ., dissent and vote to affirm the order, with the following memorandum: In precise language, the statute (Decedent Estate Law, § 130) measures the two-year limitation from the date of death. Plaintiff does not argue to the contrary, and there is nothing upon which to base extension of the two-year period. "A Statute of Limitations is not open to discretionary change by the courts, no matter how compelling the circumstances" (*Arnold* v. *Mayal Realty Co.,* 299 N. Y. 57, 60).