■ ALLSTATE INSURANCE COMPANY, Respondent, v. MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Appellant, and EDWIN D. McMULLEN et al., Respondents.— Order, entered on August 28, 1967, denying defendant MVAIC's motion to dismiss the complaint herein, unanimously reversed on the law, with $50 costs and disbursements to defendant-appellant against plaintiff, and complaint dismissed as against MVAIC. MVAIC is not a proper party to this action. Plaintiff, Allsate Insurance Company, issued the policy of insurance, which is involved herein, subsequent to July 1, 1965, and, accordingly, claimants' relief as "insured" persons is against Allstate and not MVAIC (Insurance Law, § 167, subd. 2-a; § 605, subd. [a]). Special Term erred in holding that MVAIC "may become liable if Allstate Insurance Company succeeds in its disclaimer", and in relying upon the case of *Mayes* v. *Darby* (38 Misc 2d 979). Allstate's disclaimer cannot convert the status of the claimants from "insured" to "qualified" persons, and the case cited by Special Term does not represent the law in this Department (*Matter of Knickerbocker Ins. Co.* [*Faison*], 28 A D 2d 1209; *Matter of Edwards* [*MVAIC*], 25 A D 2d 420). Concur — Eager, J. P., Capozzoli, McGivern, Rabin and McNally, JJ.

■ GEORGE F. DEGEN, Appellant-Respondent, v. EDWARD E. LUSTBADER et al., Respondent-Appellant, et al., Defendants. — Ordered entered December 1, 1967, affirmed, without costs and without disbursements. Concur — Stevens, Eager, Capozzoli and Tilzer, JJ.; Botein, P. J., who, noting that plaintiff became a director of the insurance company, dissents and votes to reverse and dismiss the complaint on the ground that it is not within the intendment of subdivision 7 of section 48 of the Insurance Law that directors should be liable to one of their number.

■ In the Matter of CHESTER J. DODGE, as Trustee of an Express Trust between CHESTER J. DODGE, Jr., as Settlor, and CHESTER J. DODGE, as Trustee. CHESTER J. DODGE, JR., Appellant; CHESTER J. DODGE et al., Respondents.— Order entered December 7, 1967, unanimously affirmed, without costs or disbursements. Order entered February 21, 1968 unanimously modified, in the exercise of discretion, so as to reduce the fee of the guardian to $1,000 and as thus modified, affirmed, without costs or disbursements. Concur — Botein, P. J., Stevens, Eager, Steuer and Tilzer, JJ.