Edward S. Conway, J.
This is a motion by the plaintiffs for an order to compel the Motor Vehicle Accident Indemnification Corporation, hereinafter referred to as MVAIC, to appear and defend the defendant, George Gary Bischoff, in the above-entitled action.
*470 The accident on which the instant motion is based occurred on January 10, 1965. The infant plaintiff was a passenger in a taxicab owned by defendant Economy Cab. The cab was in collision with a motor vehicle owned by defendant Morris Brettschneider and driven by defendant George Gary Bischoff. The owner of the Brettschneider automobile claimed that it was a stolen vehicle.
Plaintiffs filed a notice of claim against the MVAIC on February 9, 1965 and February 25, 1965 within the time specified by section 608 of the Insurance Law. Plaintiffs then instituted suit against the operator of the taxicab, Leland It. Eaton, the Economy Cab Company, George Gary Bischoff and Morris Brettschneider. All of the defendants appeared except George Gary Bischoff. The case is now on the day calendar in Ulster County Supreme Court and the plaintiffs are asking this court to order the MVAIC to appear and defend Bischoff in the action.
The MVAIC contends that it has not been made a party properly and that the plaintiffs are guilty of laches and are estopped from obtaining the relief they now seek.
The court cannot agree with these contentions. The plaintiffs filed their notice of claim pursuant to section 608 of the Insurance Law in a timely manner, that is, within 90 days of the accrual of the cause of action. The MVAIC never rejected the claims; they just never appeared in the action. The fact that the claim was based on a stolen vehicle was known to the MVAIC from February 9, 1965 and they have not been prejudiced in any way.
Pursuant to section 609 of the Insurance Law, the MVAIC is directed to make an investigation of an accident or action reported to it pursuant to section 608 as it, in its judgment, may deem necessary or expedient and may enter an appearance on its own behalf and on behalf of the defendant, file a defense, appear at the trial, or take such other steps as it may deem appropriate on behalf and in the name of the defendant.
Pursuant to section 610, if judgment is obtained against a financially irresponsible motorist, the judgment creditor may, upon the termination of all proceedings, file a verified petition and apply to this court for an order directing payment by the MVAIC of the amount unpaid upon such judgment, subject to the limitations contained in section 610 of the Insurance Law.
Pursuant to section 611, there must be a hearing on the application for payment of the judgment.
Pursuant to section 614, no claim can be allowed against the MVAIC if the court finds upon the hearing that the claim is *471 founded upon a judgment which was entered by default of the defendant.
This court is therefore of the opinion that, in the furtherance of the legislative intent of article 17-A of the Insurance Law and to prevent the frustration of a default judgment by the plaintiff against the nonappearing defendant Bischoff, the MVAIC should be ordered to come in and defend the defaulting defendant.
The motion of the plaintiffs is granted.