James H. Boomer, J.
On the 26th day of December, 1970, Edward Schultz, while walking across a public street, was struck and killed by an automobile. The driver did not stop at the scene of the accident and his identity is unknown.
In February, 1972, the petitioner was appointed administratrix of the estate and now, five years after the date of death and more than two years after her appointment, she brings this proceeding pursuant to subdivision (a) of section 618 of the Insurance Law for leave of the court to bring an action against the Motor Vehicle Accident Indemnification Corporation.
The corporation resists this application upon the ground that the Statute of Limitations has run on the causes of action for personal injury and for wrongful death.
The petitioner contends that the Statute of Limitations has been tolled under CPLR 204 (subd [a]) which states, "Where the commencement of an action has been stayed by a court or by statutory prohibition, the duration of the stay is not a part of the time within which the action must be commenced.” *641 Petitioner argues that since no action may be commenced against the corporation until leave of . the court is granted, there has been a statutory stay tolling the Statute of Limitations from the date of death until leave is granted. Fully in accord with this contention is Creswell v Doe (22 AD2d 942) where the Appellate Division, Second Department, by a divided court, held that since no action could be instituted against the corporation without obtaining leave to sue, this was a statutory prohibition which stayed the commencement of the action from the date of the accident until leave to sue was obtained and the running of the Statute of Limitations was tolled during that period. I decline to follow the Creswell case. In my opinion it was not the statute, but the failure of the petitioner to seek leave to sue that stayed the petitioner from timely commencing this action.
In considering the question of tolling the Statute of Limitations, there are at least two categories of statutory restrictions against the commencement of actions against public authorities. As stated by the Honorable Justice Harnett in Santaniello v De Francisco (74 Misc 2d 229, 230): "The first of these is where a statute specifically bars commencement of an action for a stated period of time. In such cases, a mandatory waiting period is prescribed over which plaintiff has no control. Typical of these are the various waiting periods prescribed for bringing personal injury actions after notice of claim is given. The Statute of Limitations is then extended by the period of statutory prohibition.”
In the second category are statutory restrictions against bringing suit until the plaintiff takes some action which is solely within his control, such as the requirement that no action be commenced until a notice of claim is filed. "The statutory requirement for service of a notice of claim within 90 days after the occurrence of the event for which recovery is sought is clearly not a statutory prohibition. It is a condition precedent to the commencement of the action in the same way as is the service of a summons. The plaintiff has complete control over the acts necessary to effectuate compliance with the statutory mandate. All the plaintiff needs do is make out the proper paper and serve it.” (Barchet v New York City Tr. Auth., 20 NY2d 1, 6.)
To these two categories there should be added a third. In cases where leave of the court is necessary to maintain an action, the plaintiff usually has complete control over the time *642 in which to make the application to obtain leave, but he has little or no control over the time the court will take to grant leave once the application is made. In those cases the statute should be tolled from the time of the commencement of the proceeding to obtain leave of court until leave is granted. Since, however, the time in which the application is made to the court is within the control of the moving party, there should be no tolling until the application is made. To hold otherwise would nullify the Statute of Limitations, for the statute could be tolled indefinitely at the will of the moving party.
This holding is in accord with the reasoning of the Court of Appeals in Barchet v New York City Tr. Auth. (20 NY2d 1, supra). There the plaintiff failed to file a notice of claim against a municipality within the statutory 90-day period and he was required to obtain leave of the court to file a late notice of claim. The Court of Appeals held (p 6) that after the expiration of the 90-day period the right to bring the action was not solely within the plaintiff’s control, but he was required to obtain leave of the court; therefore, the statute was tolled "from the time the plaintiff commenced the proceeding to obtain leave of the court to file a late notice of claim until” leave was granted. Although it was not necessary to the decision, the Court of Appeals expressly rejected plaintiff’s contention that (p 6) "the statute was tolled from the moment the 90th day passed without the filing of the notice of claim” at which time leave of court first became necessary.
Here the petitioner was not prohibited from bringing her action at an earlier date by reason of the requirement that leave of court be obtained. She could have requested leave before the statutory period of limitations had expired and had she done so the statute would be tolled for the period of time it took to obtain that leave once it had been requested.
This application for leave to sue the Motor Vehicle Accident Indemnification Corporation is denied.