■ In the Matter of ROSA VELEZ, as Administratrix of the Estate of ENRIQUE MONTALVO, Deceased, Appellant, v MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Respondent.—Judgment, Supreme Court, Bronx County, entered January 12, 1976, denying the petitioner-appellant's

application, as administratrix of her brother's estate, for leave to sue the respondent-respondent MVAIC and dismissing the petition, unanimously modified, on the law, without costs and without disbursements, to grant the application for leave to sue on the cause of action for conscious pain and suffering, and the judgment otherwise affirmed. The Insurance Law permits suit against MVAIC when a notice of claim has been filed with it within 90 days of the accrual of the cause of action (§ 608) and, in "hit and run" cases, when leave to bring the action has been obtained from the Supreme Court (§ 618). EPTL 5-4.1 limits the commencement of wrongful death actions to two years from the date of death. CPLR 204 (subd [a]) states, "Where the commencement of an action has been stayed by a court or by statutory prohibition, the duration of the stay is not a part of the time within which the action must be commenced". The petitioner-appellant's decedent was struck by a "hit and run" driver on June 11, 1973 and died three hours later. A notice of claim was filed with MVAIC on August 20, 1973, but MVAIC replied that it would make no investigation until an administrator had been appointed. Although petitioner-appellant was so appointed on August 12, 1974, she did not file a petition for leave to sue until October 2, 1975, four months after the expiration of the two-year Statute of Limitations. Both MVAIC and the Special Term construed the petition as one for leave to sue on a cause of action for wrongful death only. Leave was properly denied as to this cause of action. The petitioner-appellant contends that the waiting time for the appointment of the administratrix tolled the two-year statute. She cites no case in point and her attempted analogy from other decisions is not persuasive since her contention has been ruled upon directly to the contrary. *Matter of Sellars v MVAIC* (20 AD2d 350, 353–354) holds: "In light of the decisions under section 50-e of the General Municipal Law, we construe subdivision (a) of section 608 of the Insurance Law to permit timely filing of an affidavit of notice of claim in a death action within 90 days of the appointment of an administrator or executor. No administrator has been appointed in the instant case. Hence, the time to file the affidavit has not yet begun to run. The time, however, cannot be prolonged indefinitely since an action for wrongful death must be commenced within two years after decedent's death (Decedent Estate Law, § 130; *Norrington v. Fishangri-La, Inc.,* 1 A D 2d 679) and not from the date of the appointment of a legal representative *(Stutz v. Guardian Cab Corp.,* 273 App. Div. 4; *Jones v. 416 Pleasant Ave. Holding Corp.,* 276 App. Div. 842, affd. 304 N. Y. 893)". Neither is the condition precedent to suit, the necessity for leave to sue, such a statutory prohibition that would stay, under CPLR 204 (subd [a]), the running of the two-year period until leave had been obtained, because petitioner-appellant had "complete control over the acts necessary to effectuate compliance with the statutory mandate" *(Barchet v New York City Tr. Auth.,* 20 NY2d 1, 6). Thus, CPLR 204 (subd [a]) has been held ineffective for tolling the Statute of Limitations where, as here, an administrator could have, but failed, to move for leave to sue before the expiration of the two-year period *(Matter of Schultz v MVAIC,* 84 Misc 2d 640; cf. *Creswell v Doe,* 22 AD2d 942). Tolling could occur only during the pendency of the proceeding seeking leave *(Barchet v New York City Tr. Auth., supra).* Special Term overlooked petitioner-appellant's request, confirmed in its reply affidavit, for leave to sue for conscious pain and suffering. The Statute of Limitations for that cause of action being three years (see CPLR 214, subd 5) the action was not barred at the time of the petition for leave to sue. The petition should have been granted to that extent. Concur—Kupferman, J. P., Birns, Capozzoli, Nunez and Lynch, JJ.