In the Matter of BEVERLY E. HICKMAN, as Administra-

trix of the Estate of CHRISTOPHER A. CUMMINGS, Deceased.—
Order unanimously reversed on the law without costs and
application denied. Memorandum: On October 7, 1985, Chris-
topher Cummings was struck by an automobile and killed in a
"hit-and-run" accident. Petitioner was appointed administra-
trix of the estate on April 8, 1986. A notice of motion for leave
to file a late notice of claim was mailed to the Motor Vehicle
Accident Indemnification Corporation (MVAIC) on November
21, 1986 pursuant to Insurance Law § 5208 (c). Petitioner's
motion was granted by order entered December 18, 1986.
Petitioner, by notice of motion dated October 28, 1987, moved
for leave to commence an action against MVAIC pursuant to
Insurance Law § 5218. MVAIC opposed the motion on the
ground that the action was time barred because of the two-
year Statute of Limitations applicable to wrongful death
actions (EPTL 5-4.1). Petitioner asserted that she was entitled
to a tolling of the wrongful death Statute of Limitations
during the pendency of her prior application, relying on CPLR
204 (a). Special Term granted petitioner's motion. We reverse.

CPLR 204 (a) provides: "Where the commencement of an
action has been stayed by a court or by statutory prohibition,
the duration of the stay is not a part of the time within which
the action must be commenced". In our view, the fact that
petitioner applied for leave to serve a late notice of claim
pursuant to Insurance Law § 5208 did not constitute statutory
prohibition that tolled the running of the two-year period.
When the time expired for bringing a wrongful death action
in this case, no application for leave to serve a late notice of
claim (Insurance Law § 5208) or for leave to sue MVAIC
(Insurance Law § 5218) was then pending and undecided. The
prior application seeking leave to serve a late notice of claim
did not toll the Statute of Limitations because petitioner could
have moved for leave to sue before the expiration of the two-
year limitations period (see, Matter of Velez v MVAIC, 56
AD2d 764; Christian v Village of Herkimer, 5 AD2d 62, affd 5
NY2d 818; Matter of Schultz v MVAIC, 84 Misc 2d 640).
Indeed, the prior application was terminated when petitioner
was granted leave to file a late notice of claim on December
18, 1986, almost 10 months before the expiration of the two-
year Statute of Limitations. The court in Velez (supra, at 765)
stated "[t]olling could occur only during the pendency of the
proceeding seeking leave" (see also, Giblin v Nassau County
Med. Center, 61 NY2d 67, 74). In view of our determination,
we do not address the issue of whether the proceeding on the
section 5208 (c) application was commenced when the motion

papers were mailed to MVAIC or when the motion papers were personally delivered to MVAIC. (Appeal from order of Supreme Court, Wayne County, Parenti, J.—permission to bring action.) Present—Denman, J. P., Green, Pine, Balio and Davis, JJ.