■ In the Matter of NARYS BETANCES, Respondent, v MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Appellant. [620 NYS2d 835] —In a proceeding pursuant to Insurance Law article 52, the Motor Vehicle Accident Indemnification Corporation appeals from an order of the Supreme Court, Kings County (Hurowitz, J.), dated June 25, 1993, which granted the petitioner's application for leave to bring an action against it.

Ordered that the order is reversed, on the law, with costs, and the petitioner's application is denied.

In April 1993 the petitioner made an application to the Supreme Court for an order granting her leave to bring an action against the Motor Vehicle Accident Indemnification Corporation (hereinafter MVAIC). In opposition thereto, MVAIC argued that the application should be denied since it had been made almost six years after the date of the hit-and-run accident, i.e., May 5, 1987, and thus beyond the applicable three-year Statute of Limitations for personal injury actions (CPLR 214). In reply, the petitioner argued that pursuant to this Court's decision in *Creswell v Doe* (22 AD2d 942), the applicable Statute of Limitations was tolled from the date of the injury until leave was granted by the court to bring an action against MVAIC.

The Supreme Court granted the petitioner's application, in reliance on *Creswell v Doe (supra)*, and further noted that a subsequent contrary holding of the First Department, in *Matter of Velez v MVAIC*, (56 AD2d 764), was "not controlling in this department".

In *Creswell v Doe (supra)*, the petitioner's intestate was killed in a hit and run accident on June 26, 1959. On October 31, 1961, the Supreme Court granted the petitioner leave to sue MVAIC. On September 18, 1962, the petitioner instituted an action to recover for personal injuries and for wrongful death against MVAIC. MVAIC moved to dismiss the complaint based upon the expiration of the applicable Statute of Limitations. The Supreme Court granted MVAIC's motion. A majority of this Court reversed, holding that the provision of Insurance Law former § 618 (now Insurance Law § 5218), which requires leave of the court before any action can be brought against MVAIC, was, in effect, a "statutory prohibition" against bringing such actions. Accordingly, the majority in *Creswell v Doe (supra)*, held that the applicable Statute of

Limitations was tolled from the date of the accident until leave was granted by the court.

The holding and reasoning of *Creswell v Doe (supra),* was critically undermined by the subsequent decision of the Court of Appeals in *Barchet v New York City Tr. Auth.* (20 NY2d 1). In *Barchet v New York City Tr. Auth. (supra),* the plaintiff failed to file a notice of claim against the New York City Transit Authority, within the statutory 90-day period. That failure barred any action against the Authority, unless the plaintiff obtained leave of the court to file a late notice of claim. The Court of Appeals held that after the expiration of the 90-day period, the right to bring the action was not solely within the plaintiff's control, but was dependent upon obtaining leave of the court. Therefore, the Court of Appeals held that the Statute of Limitations was tolled "from the time the plaintiff commenced the proceeding to obtain leave of the court to file a late notice of claim" until leave was granted *(Barchet v New York City Tr. Auth., supra,* at 6).

In light of the holding in *Barchet v New York City Tr. Auth. (supra),* the First Department held, in *Matter of Velez v MVAIC (supra),* under facts virtually identical to those at bar, that the applicable Statute of Limitations was tolled "only during the pendency of the proceeding seeking leave" *(Matter of Velez v MVAIC, supra,* at 765; *see also, Matter of Schultz v MVAIC,* 84 Misc 2d 640). This Court again confronted the issue raised in the instant proceeding in the case of *Matter of Bais v MVAIC* (67 AD2d 907). In that case, the petitioner relied on *Creswell v Doe (supra),* in support of his argument that the Statute of Limitations was tolled from the date of the injury until leave was granted by the court to bring an action against MVAIC. After receiving opposition papers from MVAIC which relied on *Barchet v New York City Tr. Auth. (supra),* and *Matter of Velez v MVAIC (supra),* the Supreme Court held in favor of MVAIC and denied relief to the petitioner. This Court, in *Matter of Bais v MVAIC (supra),* affirmed the Supreme Court's determination without opinion, and thus, in effect, overruled its prior holding in *Creswell v Doe (supra).* We take this occasion to expressly overrule *Creswell v Doe (supra).*

Accordingly, since the petitioner's application for an order granting her leave to bring an action against MVAIC was not made until almost six years after the accident giving rise to her cause of action for personal injuries, the application is denied. Mangano, P. J., Lawrence, Copertino, Krausman and Goldstein, JJ., concur.