■ In the Matter of SHAMEIKA BRANDON, an Infant, by PAMELA MORTON, Her Mother and Guardian, et al., Respondents, v MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Appellant. [649 NYS2d 242] —Casey, J. Appeal from an order of the Supreme Court (Kahn, J.), entered October 12, 1995 in Albany County, which granted petitioners' application pursuant to Insurance Law § 5218 for leave to institute an action against respondent.

Insurance Law § 5218 permits suit directly against respondent where a person has been injured by an automobile and cannot establish the identity of the owner and operator or the vehicle was used without the owner's consent by an unknown person. Here, however, the record establishes that petitioner Shameika Brandon was injured in a one-car accident involving a known owner and operator. Nevertheless, Supreme Court

granted petitioners' application to sue respondent directly because petitioners sufficiently established that the vehicle involved in the accident was uninsured. In our view, this was error and the court's order must therefore be reversed (*see, Villanueva v Muniz*, 136 AD2d 546; *Cudahy v Motor Vehicle Acc. Indem. Corp.*, 36 AD2d 717).

Where, as here, the vehicle is allegedly uninsured, petitioners' case falls within the statutory strictures of Insurance Law § 5210. Under that statute, a final judgment against a financially irresponsible motorist must first be obtained before recovery may be sought against respondent (*see, Van Den Essen v Motor Vehicle Acc. Indem. Corp.*, 147 AD2d 136, *lv denied* 75 NY2d 705; *Cudahy v Motor Vehicle Acc. Indem. Corp.*, *supra*; *see also, Muhammad v Diaz*, 198 AD2d 32). Therefore, at this stage of petitioners' case, they should not be permitted to sue respondent directly.

Mikoll, J. P., White, Peters and Spain, JJ., concur. Ordered that the order is reversed, on the law, without costs, and motion denied.