■ JOHN C. DiCOCCO, as Public Administrator of the Estate of JORGE A. M. GUERRERO, Deceased, Also Known as TRANSITO ZELAYA, Respondent, v ALTON L. LAWSON et al., Appellants, et al., Defendant. [678 NYS2d 392] —In an action to recover damages for personal injuries, the Motor Vehicle Accident Indemni-

fication Corporation, individually and as representative of the defendant Alton L. Lawson, appeals from (1) an order of the Supreme Court, Nassau County (Ain, J.), dated August 28, 1997, which denied their motion to vacate so much of an order of the same court, dated February 5, 1997, as granted that branch of the plaintiff's motion which was for leave to enter a judgment on the issue of liability upon the appellants default in answering the complaint and directed an inquest on damages, and (2) a judgment of the same court (Feuerstein, J.), dated October 30, 1997, which, following the inquest, is in favor of the plaintiff and against the appellant Alton L. Lawson in the principal sum of $46,800, payable by the Motor Vehicle Accident Indemnification Corporation.

Ordered that the appeal from the order dated August 28, 1997, is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, the motion to vacate so much of the order dated February 5, 1997, as granted that branch of the plaintiff's motion which was for leave to enter a judgment against the appellants is granted, and that branch of the plaintiff's motion is denied; and it is further,

Ordered that the appellants are awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

The plaintiff moved, *inter alia,* for leave to enter a default judgment against the Motor Vehicle Accident Indemnification Corporation (hereinafter MVAIC) without having served it with a summons and complaint, without having first obtained a judgment against the financially irresponsible motorist (*see,* Insurance Law § 5210 [a]; *Matter of Brandon v MVAIC,* 233 AD2d 604, 605; *Van Den Essen v MVAIC,* 147 AD2d 136, 139), and without having sought an order to compel MVAIC to appear and defend the action (*see, e.g., Tabakman v Eaton,* 72 Misc 2d 469). MVAIC treated the plaintiff's notice of motion as a notice of intention to enter judgment and intention to file a claim against it pursuant to Insurance Law § 5214 (b), and it submitted an answer to the plaintiff's complaint as contemplated by the statute. The plaintiff improperly rejected the answer and, thereafter, the court granted that branch of the plaintiff's motion which was for leave to enter a judgment on the ground that MVAIC had failed to submit opposition to the

motion. MVAIC moved to vacate the order granting the judgment, and the court denied the motion.

The branch of the plaintiff's motion which was for leave to enter a judgment against MVAIC was entirely improper and MVAIC, in keeping with the statutory mandates of Insurance Law article 52, reasonably treated it as notice under Insurance Law § 5214 (b) and submitted an answer. Additionally, under the circumstances of this case, especially the fact that MVAIC's answer was served before any decision on the branch of the motion for leave to enter a judgment was rendered, and because the plaintiff suffered no prejudice by the short delay between MVAIC's receipt of his motion and the service of MVAIC's answer, we conclude that the answer was served in a "reasonable time" within the meaning of the statute. Accordingly, the court should have granted MVAIC's motion to vacate so much of the order as granted leave to enter a judgment, and thereupon denied that branch of the plaintiff's motion.

In light of this decision, we need not reach MVAIC's remaining contention. The plaintiff's remaining contentions are without merit. Miller, J. P., Copertino, Pizzuto and Santucci, JJ., concur.