■ MINDY J. TREPEL, Respondent, v MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Appellant. [699 NYS2d 469] —In an action, inter alia, to recover damages for wrongful death, the defendant appeals from an order of the Supreme Court, Queens County (Price, J.), dated January 26, 1999, which denied its motion to dismiss the action as time-barred.

Ordered that the order is affirmed, with costs.

On April 8, 1996, the plaintiff's decedent, Dennis O'Day, was struck and killed by a "hit and run" motor vehicle. On October 30, 1996, the plaintiff, Mindy J. Trepel, the Queens County Public Administrator, was appointed Administrator of the Estate of Dennis O'Day and authorized to maintain this action.

By order to show cause dated April 1, 1998, the plaintiff brought an application pursuant to Insurance Law § 5218 for leave to bring an action against the defendant, the Motor Vehicle Accident Indemnification Corporation. By order dated April 8, 1998, and entered April 21, 1998, the application was granted without opposition.

The summons and complaint in this action were filed on April 24, 1998, and served on the defendant on April 29, 1998. By notice of motion dated October 27, 1998, the defendant moved to dismiss the action as time-barred. In support of the motion, the defendant asserted that the two-year Statute of Limitations applicable to the plaintiff's cause of action based on wrongful death (EPTL 5-4.1) had expired on April 16, 1998, that is, two years and eight days after the date of the decedent's death, and before the commencement of this action. The 8-day period beyond the ordinarily applicable two-year prescriptive term (see, EPTL 5-4.1) is attributable to the toll which the defendant concedes was in effect during the pendency of the proceeding pursuant to Insurance Law § 5218 (see, Matter of Betances v MVAIC, 210 AD2d 475, overruling Creswell v Doe, 22 AD2d 942).

The defendant argues that the toll on the running of the

prescriptive period was in effect from April 1, 1998, until April 8, 1998, that is, from the commencement of the application pursuant to Insurance Law § 5218 until April 8, 1998, when the court signed the order granting the application. In opposing the motion, the plaintiff argued that the toll lasted instead for 21 days, that is, from the commencement of the application until April 21, 1998, the date the order was entered. According to this argument, the prescriptive period did not expire until April 29, 1998, and the present action was timely commenced.

The Supreme Court properly denied the defendant's motion. The toll on the running of the prescriptive period was in effect during the pendency of the application pursuant to Insurance Law § 5218, because, during this period, the plaintiff had no right to sue (*see, Matter of Betances v MVAIC, supra*). The application was not finally determined until the entry of the order (*see, Wilcox v National Shoe & Leather Bank,* 67 App Div 466; 2 Carmody-Wait 2d § 8:95). Bracken, J. P., Santucci, Altman and H. Miller, JJ., concur.