[829 NYS2d 467]

CANDI STEELE, Appellant, v MOTOR VEHICLE ACCIDENT INDEMNI-
FICATION CORPORATION, Respondent.

First Department, February 1, 2007

### APPEARANCES OF COUNSEL

*Raymond Schwartzberg & Associates, PLLC*, New York City (*Raymond Schwartzberg* of counsel), for appellant.

*Morris, Duffy, Alonso & Faley, LLP*, New York City (*Anna J. Ervolina, Yolanda. L. Ayala* and *Andrea M. Alonso* of counsel), for respondent.

### OPINION OF THE COURT

SULLIVAN, J.

On April 8, 1998, while bicycle riding with a friend, the 13-year-old petitioner was struck by what the children described as a "van," which then drove off. Petitioner suffered a fractured jaw, inter alia, that required surgical intervention. On June 26, 1998, petitioner, a qualified person under the Motor Vehicle Accident Indemnification Corporation (MVAIC) Act (*see* Insurance Law § 5202 [b]), acting through her mother, served respondent corporation with a notice of claim in satisfaction of Insurance Law § 5208 (a) (2) (A).

On March 26, 2001, petitioner, by her mother and natural guardian, commenced a personal injury action in Supreme Court, Bronx County, against Diego Cuadros, to whom the license plate number of the "hit and run" vehicle (as reported to petitioner's mother) had been registered, the "John Doe" operator of the vehicle, and MVAIC. Petitioner never sought judicial permission to sue MVAIC, as required by Insurance Law § 5218, and the corporation did not appear in the action. Upon Cuadros's showing that the vehicle bearing license plate number F251MB, the number of a plate he had once owned, was a car, not a van, and that the plates had been surrendered and

destroyed six months before the accident, petitioner, by her attorney, ultimately entered into a stipulation discontinuing the action with prejudice against Cuadros on February 21, 2003. By that time, petitioner had attained majority.

Thereafter, on or about August 18, 2004, arguing, inter alia, that the identity of the van's owner and driver had not been ascertained, petitioner sought leave to commence an action against MVAIC.[1] This application was supported by affidavits from petitioner's mother and the friend with whom she was bicycle riding at the time of the accident, and by her attorney's affirmation, which detailed the unsuccessful efforts he had made to ascertain the identity of the driver of the van. His DMV search determined that the license plate number "F251MB" had been registered to a sedan, rather than a van, owned by Cuadros, and that Cuadros had furnished documentation that the plates had been surrendered to the DMV at least six months before the accident. Petitioner also submitted an affidavit from Cuadros, who confirmed that he was not involved in the accident.

MVAIC opposed the petition on the ground of untimeliness, asserting that Insurance Law § 5218 (c) requires such an application to be made within three months after a judicial determination that the identity of the owner or operator of the motor vehicle involved in the accident has not been established,[2] and since the petition was filed more than two years after petitioner was aware that the owner and operator could not be identified, her application should be barred. Supreme Court denied the pe-

---

**1.** While the caption of the proceeding specified that the application was for leave to sue MVAIC pursuant to section 5208 of the Insurance Law, the statute applicable to such a proceeding is section 5218.

**2.** Insurance Law § 5218 (c) provides:

"In any action in which the plaintiff is a qualified person, for the death of, or bodily injury to, any person arising out of the ownership, maintenance or use of a motor vehicle in this state and judgment is rendered for the defendant on the sole ground that the death or personal injury was occasioned by a motor vehicle: (i) the identity of which, and [ ] the owner and operator of which, has not been established, or (ii) which was in the possession of some person other than the owner or his agent without the consent of the owner and the identity of the operator has not been established, that ground shall be stated in the judgment. The plaintiff, upon complying with paragraph one of subsection (a) of section five thousand two hundred eight of this article, may within three months from the date of the entry of the judgment make application to bring an action upon the cause against the corporation in the manner provided in this section."

tition, noting that petitioner had offered no explanation for the "over two year delay" in seeking leave after learning of Cuadros's noninvolvement in the accident, and citing the absence of a judgment for purposes of Insurance Law § 5218 (c) in terminating the action against Cuadros.

Petitioner moved to renew and reargue, urging that although reply papers to the original motion had been served and she had sought an adjournment of the original motion, she had not been advised of the disposition of the application for an adjournment. Attaching a copy of those reply papers from the original motion and the stipulation discontinuing the prior action against Cuadros, which had not been so-ordered by the court, petitioner stated that no judgment had been entered in the action against Cuadros and thus Insurance Law § 5218 (c) was inapplicable; the petition, brought within three years of her having attained majority, should thus be considered timely. MVAIC opposed the motion, arguing, inter alia, that the petition was untimely in view of the date of the filed stipulation of discontinuance. The court granted reargument but adhered to its prior determination. We disagree with that disposition.

Petitioner's application for leave to sue MVAIC, brought within three years of her reaching majority and only after she had made all reasonable efforts to ascertain the identity of the owner and operator of the offending vehicle, was timely and properly made and should have been granted. The stipulation of discontinuance, which never received judicial approval by being "so-ordered," does not constitute a judgment so as to trigger the three-month extension provided by Insurance Law § 5218 (c) for seeking leave to sue MVAIC.

In any event, the three-month extension provided in section 5218 (c) is not a limitations period; rather, it is a savings clause intended to provide qualified persons, who were unsuccessful in litigation in establishing that the putative owner or operator of the hit and run vehicle was actually involved in the accident, additional time to sue MVAIC in the event the applicable statute of limitations, i.e., three years for personal injury actions (CPLR 214), has run in the interim. Nowhere in the MVAIC Act is there a general limitations period for seeking leave to sue MVAIC. The courts have held that an application to sue MVAIC is timely if made within the applicable statute of limitations (*see generally Matter of Hickman [Motor Veh. Acc. Indem. Corp.]*, 75 NY2d 975 [1990] [application by decedent's estate to commence an action against MVAIC timely made within the two-year

wrongful death limitations period]; *Matter of Velez v Motor Veh. Acc. Indem. Corp.*, 56 AD2d 764 [1977] [petition for leave to sue MVAIC for personal injury timely if brought within the applicable three-year limitations period]).

Here, petitioner attained majority on July 28, 2002. She brought the instant petition for leave to sue on August 18, 2004, well within the applicable three-year statute of limitations for a personal injury action (CPLR 214), which had been tolled during her infancy (CPLR 208). Petitioner, as noted, had satisfied the initial notice of claim requirement by filing the same within 90 days of the accident (*see* Insurance Law § 5208 [a] [2] [A]). It would make no sense to construe Insurance Law § 5218 (c)'s three-month extension period as a strict requirement, as MVAIC argues, so as to bar a lawsuit by the qualified person who was unsuccessful in obtaining a judgment in a personal injury action solely because of the inability to establish the identity of the owner or operator of the offending vehicle, while allowing the full extent of the limitations period to the qualified person who never even brought such an action because, despite exhausting all reasonable efforts, he or she was unable to ascertain the identity of even a putative owner or operator.

We recognize that in at least two cases the Second Department has interpreted the three-month provision of section 5218 (c) as a strict limitations period that supplants the applicable statute of limitations (*Matter of Gittens v Motor Veh. Acc. Indem. Corp.*, 7 AD3d 528 [2004]; *Matter of Kearse v Motor Veh. Acc. Indem. Corp.*, 28 AD2d 703 [1967]). For the reasons stated, we decline to accord the three-month provision a similar interpretation.

Finally, we note that petitioner was not obliged to enter judgment in her action against Cuadros. Section 5218 does not require, as a prerequisite to securing leave to sue MVAIC, that a judgment be entered in favor of a would-be owner or operator solely on a ground set forth in subdivision (c) as long as the qualified person has made "all reasonable efforts . . . to ascertain the identity of the motor vehicle and of the owner and operator" (§ 5218 [b] [5]). The action against Cuadros was terminated by a stipulation of discontinuance with prejudice solely, as Cuadros demonstrated, by virtue of his noninvolvement in the April 8, 1998 accident. Nor is there any merit to MVAIC's claim of laches, an equitable doctrine that requires a showing of prejudice due to delay (*see Matter of Linker*, 23 AD3d 186, 189 [2005]). None has been shown.

While Insurance Law § 5218 (b) provides that the court, after a hearing, may permit an action against MVAIC upon satisfaction of certain enumerated conditions (*see* subd [b] [1]-[6]), those conditions have clearly been met and MVAIC does not raise any issue in that regard except to argue, as noted, that there has been no judicial determination that Cuadros was not involved in the accident. Petitioner has shown that she cannot ascertain the identity of the owner or operator of the offending vehicle. Thus, there is no need for a hearing.

Accordingly, the order of the Supreme Court, Bronx County (Patricia Anne Williams, J.), entered September 15, 2005, which, upon a grant of reargument of an earlier order denying the petition for leave to commence an action against MVAIC, adhered to the original determination, should be reversed, on the law, without costs or disbursements, and the petition granted. The appeal from the earlier order, same court and Justice, entered December 8, 2004, should be dismissed, without costs or disbursements, as superseded by the appeal from the order entered September 15, 2005.

MAZZARELLI, J.P., FRIEDMAN, WILLIAMS and GONZALEZ, JJ., concur.

Order, Supreme Court, Bronx County, entered September 15, 2005, reversed, on the law, without costs or disbursements, and the petition for leave to commence an action against respondent granted. Appeal from order, same court, entered December 8, 2004, dismissed, without costs or disbursements, as superseded by the appeal from the order entered September 15, 2005.