■ In the Matter of AL-AMIN JOHNSON, Appellant, v MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Respondent. [938 NYS2d 7]—

The court properly denied the petition as time-barred. A petition for leave to sue MVAIC "is timely if made within the applicable statute of limitations" (*Steele v Motor Veh. Acc. Indem. Corp.*, 39 AD3d 78, 81 [2007], *lv denied* 9 NY3d 989 [2007]). Here, petitioner's accident occurred on January 20, 2003, when he was 14 years old. The applicable three-year statute of limitations for a personal injury action (CPLR 214 [5]) was tolled until petitioner turned 18, and expired on April 27, 2009, when he turned 21 (*see* CPLR 105 [j]; 208). Petitioner brought the petition for leave to sue on June 14, 2010, rendering it untimely (*cf. Steele*, 39 AD3d at 82).

The court properly rejected petitioner's argument that he was not a "qualified person" under article 52 of the Insurance Law (*see* § 5202 [b]; § 5218), and thus did not have standing to bring the petition, until after November 10, 2009, when an arbitration regarding whether he was insured under his stepfather's policy was resolved. As the court stated, petitioner could have filed his petition before the resolution of the arbitration and determination as to whether he was a "qualified person" (*see e.g. Cardona v Martinez*, 61 AD3d 462 [2009]).

We have considered petitioner's remaining contentions and find them unavailing. Concur—Tom, J.P., Friedman, DeGrasse, Richter and Manzanet-Daniels, JJ.