[985 NYS2d 96]

Aleksei Archer, Respondent, v Motor Vehicle Accident Indemnification Corporation, Appellant.

Second Department, April 23, 2014

APPEARANCES OF COUNSEL

*Cruz & Gangi and Associates* and *Kornfeld, Rew, Newman & Simone,* Suffern (*Scott A. Dow* of counsel), for appellant.

*Sullivan & Brill, LLP,* New York City (*Courtney M. Haskins* of counsel), for respondent.

**OPINION OF THE COURT**

HINDS-RADIX, J.

At issue on this appeal is whether Insurance Law § 5214 bars the entry of a default judgment against the Motor Vehicle Accident Indemnification Corporation (hereinafter MVAIC) where it has defaulted in an action brought directly against it by an injured person. We conclude that Insurance Law § 5214 does not apply in these circumstances, and that leave to enter a default judgment against MVAIC was properly granted.

The plaintiff, a pedestrian, was allegedly injured in a hit-and-run accident on January 18, 2008. On or about February 11, 2008, he served a notice of intention to make a claim against the MVAIC pursuant to Insurance Law § 5208. The plaintiff claimed that, after the accident, the driver of the offending vehicle took him to St. John Episcopal Hospital, and then fled the hospital without identifying himself.

On January 7, 2011, nearly three years after the accident, the plaintiff commenced a proceeding pursuant to Insurance Law § 5218 for permission to commence an action against MVAIC to

recover damages for his personal injuries. The petition in that proceeding was granted in an order of the Supreme Court, Queens County (Hart, J.), entered April 13, 2011.

The instant action was commenced on October 3, 2011, by the filing of a summons and complaint, verified by the plaintiff's attorney. MVAIC was served with copies of the summons and complaint on October 12, 2011. On or about December 23, 2011, after its time to answer had already expired (*see* CPLR 3211 [e]), MVAIC moved to dismiss the complaint on the ground that the action was barred by the three-year statute of limitations, applicable to actions to recover damages for personal injuries. MVAIC noted that the statute of limitations was tolled during the pendency of the proceeding pursuant to Insurance Law § 5218 (*see Vasquez v Motor Veh. Acc. Indem. Corp.*, 272 AD2d 275 [2000]; *Trepel v Motor Veh. Acc. Indem. Corp.*, 267 AD2d 228 [1999]; *Matter of Betances v Motor Veh. Acc. Indem. Corp.*, 210 AD2d 475 [1994]; *Matter of Velez v Motor Veh. Acc. Indem. Corp.*, 56 AD2d 764, 765 [1977]). That proceeding was commenced on January 7, 2011, 11 days before the expiration of the limitations period applicable to this action to recover damages for personal injuries. The order granting the plaintiff permission to commence the instant action was entered on April 13, 2011. Therefore, according to MVAIC, the limitations period applicable to this action expired 11 days after April 13, 2011, or on April 24, 2011.

The plaintiff cross-moved for leave to enter a default judgment against MVAIC, on the ground that the motion to dismiss the complaint was made after the time to answer had expired, and that MVAIC failed to establish a reasonable excuse for its delay or a potentially meritorious defense. MVAIC, in its reply, reiterated its position that the action was time-barred, and offered no explanation for its failure to timely answer the complaint or move for dismissal. The plaintiff, in a surreply, again asserted that MVAIC failed to demonstrate a reasonable excuse for its default, or a potentially meritorious defense.

In the order appealed from, the Supreme Court denied MVAIC's motion as untimely (*see* CPLR 3211 [e]), noting that MVAIC did not seek leave to serve a late answer, nor did it provide a reasonable excuse for its default, and, "[i]n the absence of a formal request to vacate its default, defendant may not seek affirmative relief" (2012 NY Slip Op 32568[U], *2 [2012]). The Supreme Court further noted that, to establish grounds for leave to enter a default judgment, the plaintiff was required to demonstrate

proper service of copies of the summons and complaint upon MVAIC, proof of a default, and proof of facts constituting the claim (*see* CPLR 3215 [f]; *Kolonkowski v Daily News, L.P.*, 94 AD3d 704, 705 [2012]; *Triangle Props. # 2, LLC v Narang*, 73 AD3d 1030, 1032 [2010]).

The Supreme Court concluded that the plaintiff had made the showing required by CPLR 3215 (f). In this regard, the court noted that the validity of service of process was not contested. Although the complaint verified by the plaintiff's attorney was not sufficient to constitute proof of facts constituting the claim (*see Triangle Props. # 2, LLC v Narang*, 73 AD3d at 1032; *Juseinoski v Board of Educ. of City of N.Y.*, 15 AD3d 353, 356 [2005]; *Saks v New York City Health & Hosps. Corp.*, 302 AD2d 213 [2003]), the papers filed in the proceeding pursuant to Insurance Law § 5218, which were annexed as an exhibit to MVAIC's motion to dismiss the complaint in this action, included an affidavit from the plaintiff that established the facts constituting the claim (*see* CPLR 3215 [f]). Accordingly, the Supreme Court granted the plaintiff's cross motion for leave to enter a default judgment against MVAIC.

The provisions of the Insurance Law at issue in this case are set forth in Insurance Law article 52 (former Insurance Law art 17-A), known as the Motor Vehicle Accident Indemnification Corporation Law (*see* L 1958, ch 759). This law was enacted to fill gaps in a compulsory motor vehicle insurance plan enacted in 1956 (*see* L 1956, ch 655), for accidents caused by uninsured motor vehicles, unidentified motor vehicles that leave the scene of an accident, and motor vehicles operated without the permission of the owner (*see* Insurance Law § 5201 [b]), by creating MVAIC to provide compensation to qualified persons injured in such accidents (*see* Insurance Law § 5203; *Matter of Liberty Mut. Ins. Co. [Hogan]*, 82 NY2d 57, 63 [1993]; *Matter of Nagle [Motor Veh. Acc. Indem. Corp.]*, 22 NY2d 165, 170 [1968]; *Matter of Acosta-Collado v Motor Veh. Acc. Indem. Corp.*, 103 AD3d 714, 715 [2013]; *McCarthy v Motor Veh. Acc. Indem. Corp.*, 16 AD2d 35, 38 [1962], *affd* 12 NY2d 922 [1963]). Pursuant to its provisions, a "qualified person"* whose death or bodily injury arises from a motor vehicle accident in this state, and who has a

---

* Insurance Law § 5202 (b) defines a qualified person as
"(i) a resident of this state, other than an insured or the owner of an uninsured motor vehicle and his spouse when a passenger in such vehicle, or his legal representative, or (ii) a resident of

cause of action against an owner or operator of an uninsured vehicle, or a cause of action against a person whose identity is unascertainable, may file a notice of claim with MVAIC (*see* Insurance Law § 5208). MVAIC may investigate such accidents, assume the defense of actions against uninsured defendants (*see* Insurance Law § 5209), and settle claims against financially irresponsible motorists (*see* Insurance Law § 5213), defined, inter alia, as the owner or operator of a motor vehicle without collectible insurance (*see* Insurance Law § 5202 [j]). Where judgment has been entered against an uninsured defendant in favor of a qualified person, Insurance Law § 5210 provides that a qualified person may petition the court to compel MVAIC to pay the amount of a judgment against that uninsured defendant that remains unpaid, subject to the limitations contained therein (*see Matter of Brandon v Motor Veh. Acc. Indem. Corp.*, 233 AD2d 604 [1996]; *Tabakman v Eaton*, 72 Misc 2d 469 [Sup Ct, Ulster County 1972]).

On appeal, MVAIC contends that Insurance Law § 5214 bars the entry of a default judgment against it. We disagree. Insurance Law § 5214 (former Insurance Law § 614), entitled "Default and consent judgments," pertains to judgments entered upon the default or consent of a financially irresponsible motorist whose identity is known, and has thus been named as a defendant in an action. The statute provides:

> "(a) No claim shall be allowed and ordered to be paid by the corporation if the court finds upon the hearing for the allowance of the claim that it is founded upon a judgment which was entered by default or consent of the defendant.

> "(b) When the corporation receives notice of intention to enter judgment and intention to file a claim against the corporation and the time allowed for filing an answer has expired, the corporation shall be granted a reasonable time after the receipt of notice by it to answer and to defend the action.

another state, territory or federal district of the United States or province of the Dominion of Canada, or foreign country, in which recourse is afforded, to residents of this state, of substantially similar character to that provided for by this article, or his legal representative," other than an operator of or passenger on a snowmobile.

The definition does not include an insured person, or the owner of an uninsured vehicle (*see Englington Med., P.C. v Motor Veh. Acc. Indem. Corp.*, 81 AD3d 223, 228 [2011]).

"(c) If upon a hearing for the allowance of any claim against the corporation the court finds that the judgment was entered by default or with the consent or agreement of the defendant it shall order that the judgment insofar as it affects the corporation be set aside and the corporation permitted to proceed in the action as provided above."

Insurance Law § 5214 gives MVAIC the right to contest a claim for payment of a judgment which has been entered by a plaintiff upon the default or consent of an uninsured defendant whom MVAIC may be obligated to indemnify (see Muhammad v Diaz, 198 AD2d 32 [1993]; Mayes v Darby, 38 Misc 2d 979 [App Term, 2d Dept 1963]). The purpose of the provision is to protect MVAIC from the defaults of, or possible collusion by, uninsured defendants (see Mem of State Ins Dept [Apr. 1, 1958], Bill Jacket, L 1958, ch 759 at 35; Insurance Law § 5215; Matter of Wallace v Motor Veh. Acc. Indem. Corp., 25 NY2d 384, 388 [1969]; Rudd v Legette, NYLJ, Mar 31, 1997 at 5, col 2 [Sup Ct, Kings County, Shaw, J.]). To that end, when MVAIC receives notice, inter alia, of intention to enter judgment against an uninsured defendant whose time to answer has expired, it is granted a "reasonable time after the receipt of notice by it to answer and to defend the action" on behalf of the uninsured defendant (Insurance Law § 5214 [b]; see DiCocco v Lawson, 254 AD2d 244, 245 [1998]). In such cases, the court may direct MVAIC to interpose an answer to the complaint on behalf of the uninsured defendant (see Kennedy v Arif, 82 AD3d 1050, 1051 [2011]).

In contrast, in proceedings to compel MVAIC to provide a defense for an uninsured defendant, or to pay a judgment against an uninsured defendant pursuant to Insurance Law § 5210, MVAIC may be adjudicated in default (see e.g. Miller v Mack, 90 AD3d 1003 [2011]; Matter of Macias v Motor Veh. Acc. Indem. Corp., 10 AD3d 396, 397 [2004]). Where MVAIC moves to vacate a default in these types of proceedings, courts have applied CPLR 5015 (a) (1), which requires the party seeking to be relieved of its default to demonstrate a reasonable excuse—which may, in appropriate circumstances, be premised on law office failure (see Matter of Gibson [Motor Veh. Acc. Indem. Corp.], 45 AD2d 678 [1974])—and a potentially meritorious defense (see Miller v Mack, 90 AD3d 1003 [2011]; Matter of Macias v Motor Veh. Acc. Indem. Corp., 10 AD3d at 397).

■ This case does not fall within the scope of Insurance Law § 5214 because it does not involve a claim against MVAIC stem-

ming from a judgment entered upon the default or consent of an uninsured defendant. Rather, MVAIC was involved because the identity of the offending motorist was unknown, which permitted the plaintiff, with the approval of the court, to commence an action against MVAIC directly, pursuant to Insurance Law § 5218. Insurance Law § 5218 authorizes a court to permit the commencement of an action against MVAIC directly, if, inter alia,

> "all reasonable efforts have been made to ascertain the identity of the motor vehicle and of the owner and operator and either the identity of the motor vehicle and the owner and operator cannot be established, or the identity of the operator, who was operating the motor vehicle without the owner's consent, cannot be established" (Insurance Law § 5218 [b] [5]; *see Matter of Acosta-Collado v Motor Veh. Acc. Indem. Corp.*, 103 AD3d at 716; *Cardona v Martinez*, 61 AD3d 462 [2009]).

Where an action is commenced directly against MVAIC, the concerns underlying the enactment of Insurance Law § 5214— protecting MVAIC from the defaults of, or possible collusion by, uninsured defendants—are not implicated. Thus, Insurance Law § 5214 "does not bar the entry of a default judgment against MVAIC in an action in which MVAIC is the named defendant and has defaulted" (*Jamaica Med. Supply, Inc. v MVAIC*, 33 Misc 3d 134[A], 2011 NY Slip Op 52008 [U], *1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]; *see Omega Diagnostic Imaging, P.C. v MVAIC*, 31 Misc 3d 143[A], 2011 NY Slip Op 50867[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]; *Craniofacial Pain Mgt. v MVAIC*, 29 Misc 3d 130[A], 2010 NY Slip Op 51843[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2010]; *A.B. Med. Servs., PLLC v Motor Veh. Acc. Indem. Corp.*, 25 Misc 3d 138[A], 2009 NY Slip Op 52363[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2009]).

MVAIC's motion to dismiss the complaint pursuant to CPLR 3211 (a) (5) was untimely, since it was made after the time to file an answer had expired (*see* CPLR 3211 [e]; *Lema v New York Cent. Mut. Fire Ins. Co.*, 112 AD3d 891 [2013]), and no extension of time to make the motion was requested by MVAIC or granted by the court (*see Clinkscale v Sampson*, 74 AD3d 721, 722 [2010]; *Bennett v Hucke*, 64 AD3d 529, 530 [2009]). Therefore, the Supreme Court properly denied the motion as untimely (*see Borrie v County of Suffolk*, 88 AD3d 842, 843 [2011]; *Bennett v Hucke*, 64 AD3d at 530).

▮ Furthermore, since MVAIC did not appear or answer in a timely manner, it was in default. To establish grounds to vacate its default in appearing and answering, MVAIC was required to demonstrate a reasonable excuse for its default and a potentially meritorious defense (*see* CPLR 5015 [a] [1]; *Jamaica Med. Supply, Inc. v MVAIC*, 33 Misc 3d 134[A], 2011 NY Slip Op 52008[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]). MVAIC did raise a meritorious defense—that the action was barred by the applicable statute of limitations (*see Shapiro v Chawla*, 55 AD3d 898 [2008]). However, that meritorious defense was evident since April 25, 2011, and no excuse was proffered for failing to offer it in a timely manner. Indeed, MVAIC did not attempt to assert any reasonable excuse for its default in the Supreme Court.

MVAIC argues on appeal that, at the time it moved to dismiss the complaint, it did not believe that the time limit applicable to such a motion, as set forth in CPLR 3211 (e), was applicable to the instant action, since the action was already time-barred at that juncture. However, MVAIC's ignorance of the law was not a reasonable excuse for its default (*see Passalacqua v Banat*, 103 AD2d 769 [1984]).

Accordingly, the order is affirmed.

MASTRO, J.P., ROMAN and MILLER, JJ., concur.

Ordered that the order is affirmed, with costs.