■ Rosendo Alvarez, Respondent, v Aulat Wright et al., Appellants. [985 NYS2d 694]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Lewis, J.), dated January 25, 2013, which denied their motion pursuant to CPLR 3211 (a) (5) to dismiss the action as time-barred.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion pursuant to CPLR 3211 (a) (5) to dismiss the action as time-barred is granted.

On June 28, 1999, the plaintiff bicyclist allegedly was injured when he was struck by the defendants' vehicle. Accordingly, the three-year limitation period (see CPLR 214 [5]) applicable to a negligence cause of action against the defendants was to expire on June 28, 2002. However, on May 30, 2002, the plaintiff commenced a special proceeding pursuant to Insurance Law § 5218 for leave to commence an action against the Motor Vehicle Accident Indemnification Corporation (hereinafter MVAIC) by filing a notice of petition and petition, paying a filing fee, securing an index number, and subsequently serving copies of the notice of petition and petition upon MVAIC and the defendants. In an order entered March 9, 2005, the Supreme Court granted the petition, upon finding that the defendants' vehicle was not insured by the insurance carrier that they had identified to police investigating the accident. On May 16, 2008, the plaintiff filed a summons and complaint alleging negligence against the defendants under the index number assigned to the special proceeding that he had commenced against MVAIC. The defendants moved to dismiss the complaint as time-barred. The Supreme Court denied the motion, and the defendants appeal.

We agree with the defendants that the action is time-barred. Even if the plaintiff were entitled to a toll of the three-year limitations period from the commencement of the special proceeding against MVAIC on May 30, 2002, to the termination of that proceeding on March 9, 2005, the limitations period applicable to his causes of action against the defendants would have expired on April 7, 2005. Although the timely filing of a summons and complaint under the index number of a related, previously disposed special proceeding might be excused under certain circumstances as a mere correctable "omission" or "irregularity" within the meaning of CPLR 2001 (see MacLeod v County of Nassau, 75 AD3d 57 [2010]; L 2007, ch 529, § 1), the plaintiff's filing of the summons and complaint on May 16, 2008,

was effected long after the applicable limitations period had expired (*cf. Trepel v Motor Veh. Acc. Indem. Corp.*, 267 AD2d 228 [1999]). Accordingly, the defendants' motion to dismiss the action as time-barred should have been granted. Balkin, J.P., Roman, Sgroi and Miller, JJ., concur.