Aquero v Nelson (2021 NY Slip Op 00788)





Aquero v Nelson


2021 NY Slip Op 00788


Decided on February 09, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 09, 2021

Before: Renwick, J.P., Kern, Mazzarelli, Oing, JJ. 


Index No. 162066/18 Appeal No. 13065 Case No. 2020-01928 

[*1]Roberto Aquero, Plaintiff-Respondent,
v
Christopher Nelson, Sr., et al., Defendants, Motor Vehicle Accident Indemnification Corporation, (MVAIC), Defendant-Appellant.


Kornfeld, Rew, Newman & Simeone, Suffern (William S. Badura of counsel), for appellant.
The Feinsilver Law Group, P.C., Brooklyn (H. Jonathan Rubinstein of counsel), for respondent.



Order, Supreme Court, New York County (Adam Silvera, J.), entered on or about September 3, 2019, which denied defendant Motor Vehicle Accident Indemnification Corporation's (MVAIC) motion to dismiss the complaint as against it, unanimously affirmed, without costs.
On its motion, MVAIC failed to show that plaintiff was not a "qualified person" under Insurance Law § 5202(b). Plaintiff, then 10 years old, was the victim of a hit-and-run incident in which he was injured while playing outside his home in New York County with his brother.
The applicable three-year statute of limitations for a personal injury action was tolled until January 7, 2016, when plaintiff turned 18, and expired three years later on that date (see CPLR 105[j]; 214[5]; 208; Matter of Johnson v Motor Veh. Acc. Indem. Corp., 91 AD3d 541 [1st Dept 2012]). Plaintiff timely commenced this action on December 21, 2018 (see e.g. Steele v Motor Veh. Acc. Indem. Corp., 39 AD3d 78, 81 [1st Dept 2007], appeal dismissed 9 NY3d 989 [2007]). The motion court providently exercised its discretion in permitting plaintiff to commence this action as against MVAIC under the circumstances (see Matter of Beary v City of Rye, 44 NY2d 398, 412 [1978]). Plaintiff made an excusable error concerning the identity of the owner and operator of the vehicle that struck him (see Insurance Law § 5208[b][2][B]). The record shows that the police accident report had incorrectly identified the owner of the offending vehicle. In addition, because there was a criminal action against the owner of the vehicle, plaintiff believed that the identity of the operator was known. However, the criminal charges were dismissed, and the identity of the hit-and-run driver is unknown. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 9, 2021