■ MIREYA VASQUEZ, Appellant, v MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Respondent. [708 NYS2d 99] —Order, Supreme Court, New York County (Joan Madden, J.), entered April 21, 1999, which granted defendant Motor Vehicle Accident Indemnification Corporation's (MVAIC) motion to dismiss the complaint as time-barred, unanimously affirmed, without costs.

Plaintiff was struck by a hit-and-run vehicle on November 9, 1994. On November 3, 1997, six days before the expiration of the three-year Statute of Limitations, plaintiff moved for leave to sue defendant MVAIC, as required by Insurance Law § 5218. An order granting such leave, on default, was signed on November 30, 1997, and entered on December 12, 1997.

Plaintiff's attorney acknowledges that her office became aware of such order on December 23, 1997, when notified thereof by its lawyers' service. Plaintiff commenced the instant action on January 6, 1998, served MVAIC with the summons and complaint on January 12, 1998, and served MVAIC with the order granting leave to sue with notice of entry on January 22, 1998. Defendant moved to dismiss the action as time-barred, arguing that the CPLR 204 (a) toll that was in effect during the pendency of the proceeding seeking leave to sue ended on November 30, 1997, when the order granting such leave was signed. Plaintiff opposed, arguing that the toll lasted until January 22, 1998, when she served MVAIC with the order granting leave to sue with notice of entry. The motion court ruled that the toll ended when the order granting leave was signed on November 30, 1997, while noting that it would not avail plaintiff were it to rule that the toll lasted until the order was entered on December 12, 1997. We affirm, albeit on the ground that the toll lasted until the order granting leave to sue was entered. It was then that such order went into effect, absent anything conditioning its effectiveness on its service with notice of entry, and plaintiff had " 'complete control over the acts necessary to effectuate compliance with the statutory mandate' " (*Matter of Velez v MVAIC*, 56 AD2d 764, 765, quoting *Barchet v New York City Tr. Auth.*, 20 NY2d 1, 6; *see also*, *Trepel v MVAIC*, 267 AD2d 228, 229). Thus, plaintiff had until December 18, 1997 to commence her action, i.e., until six days after entry of the order granting leave to sue, a time limit that she failed to meet. Concur—Wallach, J. P., Andrias, Saxe and Buckley, JJ.