■ T.K. JEWELRY INC. et al., Appellants, v CITY OF NEW YORK, Respondent, et al., Defendant. [724 NYS2d 590] —Order, Supreme Court, New York County (Michael Stallman, J.), entered July 21, 2000, which, in an action for, *inter alia*, false arrest, granted defendant-respondent City of New York's motion to dismiss the action as barred by the Statute of Limitations, unanimously affirmed, without costs.

We reject plaintiffs' excuse for not commencing the action within the one year and 90-day limitations period (General Municipal Law § 50-i [1] [c]), as extended for a period of approximately one month during the pendency of their application for leave to serve a late notice of claim (*see*, CPLR 204 [a]; *Giblin v Nassau County Med. Ctr.*, 61 NY2d 67, 72). The CPLR 204 (a) toll that plaintiffs enjoyed lasted only until entry of the order granting them leave to file a late notice of claim, there being no indication that plaintiffs did not then have complete control over the acts necessary to comply with the notice of claim requirements (*see, Vasquez v MVAIC*, 272 AD2d 275). It should not have been a source of confusion for plaintiffs that the order granting leave did not direct settlement of a judgment, and instead concluded with the statement that plaintiffs' proposed notice of claim was to be deemed timely served if the order with notice of entry was served within 20 days. We have considered plaintiffs' other arguments and find them to be unavailing. Concur—Rosenberger, J. P., Nardelli, Tom, Wallach and Saxe, JJ.