■ DAVID A. CLARK, Appellant, v NEW YORK STATE OFFICE OF PARKS, RECREATION & HISTORIC PRESERVATION, Respondent. [732 NYS2d 200] —Order and judgment unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Plaintiff appeals from an order and judgment denying his motion for an injunction and dismissing his complaint with prejudice. We modify the order and judgment by providing that the dismissal is without

prejudice. When a party seeks an injunction, he "opens the record and gives the court authority to pass upon the sufficiency of the underlying pleading" (*Guggenheimer v Ginzburg,* 43 NY2d 268, 272). However, "the court may not, on its own initiative, convert a motion for [an injunction] into one for summary judgment without giving adequate notice to the parties and affording the parties an opportunity to lay bare their proof" (*Ratner v Steinberg,* 259 AD2d 744). Because no such notice was provided here, and the parties were not "deliberately charting a summary judgment course" (*Village of Webster v Monroe County Water Auth.,* 269 AD2d 781, 783), the dismissal of the action must be premised upon the failure to state a cause of action pursuant to CPLR 3211 (a) (7), which results in a dismissal without prejudice (*see,* CPLR 205 [a]). Even accepting the facts alleged in the complaint as true (*see, Leon v Martinez,* 84 NY2d 83, 87-88), we conclude that plaintiff has failed to state a viable cause of action where, as here, no provisional appointment was made under the Civil Service Law (*cf., Matter of Smith v Hoyt,* 59 AD2d 1058). (Appeal from Order and Judgment of Supreme Court, Niagara County, Fricano, J.—Dismiss Pleading.) Present—Pigott, Jr., P. J., Wisner, Scudder, Burns and Gorski, JJ.