■ DAVID A. CLARK, Appellant, v NEW YORK STATE OFFICE OF PARKS, RECREATION & HISTORIC PRESERVATION, Respondent. [775 NYS2d 742]—

Appeal from an order and judgment (one document) of the Supreme Court, Niagara County (Amy J. Fricano, J.), entered March 12, 2003. The order and judgment, insofar as appealed from, granted defendant's motion in part, dismissed certain causes of action and denied plaintiff's cross motion to disqualify the Attorney General from representing defendant.

It is hereby ordered that the order and judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Supreme Court properly granted those parts of defendant's motion seeking dismissal of the first four causes of action of the amended complaint. Plaintiff failed to commence a new action pursuant to CPLR 205 (a) within the requisite six months after dismissal of the original complaint without prejudice (*Clark v New York State Off. of Parks, Recreation & Historic Preserv.,* 288 AD2d 934 [2001]). We note that plaintiff failed to comply with the statute despite the fact that the ability to comply was completely within his control (*see generally Vasquez v Motor Veh. Acc. Indem. Corp.,* 272 AD2d 275, 276 [2000]).

The court also properly denied the cross motion of plaintiff seeking to disqualify the Attorney General from representing defendant. In support of the cross motion, plaintiff contended that the Attorney General had a conflict of interest because plaintiff testified at a deposition in an unrelated matter while he was defendant's employee. "The party seeking to disqualify an attorney or law firm must establish that there was a prior attorney-client relationship and that the former and current representations are both adverse and substantially related" (*Matter of Niagara Mohawk Power Corp. v Town of Tonawanda Assessor,* 236 AD2d 783, 783 [1997]; *see Solow v Grace & Co.,* 83 NY2d 303, 308 [1994]). Even assuming, arguendo, that plaintiff established that there was a prior attorney-client relationship, we conclude that he failed to establish that the two representations are either adverse or substantially related. Plaintiff does not contend that the Attorney General's office acquired confidential information during the prior unrelated matter and, "under the circumstances, 'there is no realistic possibility that confidences were disclosed' that would be relevant to the current litigation" (*Niagara Mohawk Power Corp.,* 236 AD2d at

784). Present—Pigott, Jr., P.J., Wisner, Hurlbutt, Scudder and Lawton, JJ.