◼ BRIAN RAULS, Respondent, v DIRECTV, INC., Appellant. [875 NYS2d 377]—

Appeal from an order of the Supreme Court, Erie County (Frank A. Sedita, Jr., J.), entered April 29, 2008. The order, insofar as appealed from, denied in part defendant's motion to vacate a default judgment.

It is hereby ordered that the order insofar as appealed from is unanimously reversed on the law without costs, the motion is granted in its entirety, the judgment entered November 27, 2007 is vacated in its entirety, and defendant is granted 20 days from service of the order of this Court with notice of entry to serve and file an answer.

Memorandum: Defendant contends on appeal that Supreme Court erred in denying that part of its motion pursuant to CPLR 5015 (a) (1) seeking, inter alia, to vacate the default judgment entered against it with respect to the Labor Law § 240 claim. We agree. A defendant seeking to vacate a default judgment on the ground of excusable default "is required to establish both a reasonable excuse for the default and the existence of a meritorious defense" (*Genesee Mgt. v Barrette*, 4 AD3d 874, 875 [2004]; *see* CPLR 5015 [a] [1]). We note at the outset with respect to defendant's reasonable excuse for the default that the court granted those parts of defendant's motion concerning vacatur of the default judgment with respect to other claims. We thus conclude that the court thereby implicitly determined that defendant's same excuse for the default is equally applicable with respect to the Labor Law § 240 (1) claim and thus is equally reasonable.

We agree with defendant, however, that the court erred in determining that defendant failed to establish that it has a meritorious defense to the Labor Law § 240 claim. To be liable under Labor Law § 240 as a general contractor, defendant must have been "responsible for the coordination and execution of all the work at the worksite" (*Feltt v Owens*, 247 AD2d 689, 691 [1998]; *see also Russin v Louis N. Picciano & Son*, 54 NY2d 311, 316 [1981]). Here, defendant submitted evidence in support of its motion establishing that plaintiff's employer was an independent contractor with full control over the installation of defendant's satellite system equipment. We thus conclude that defendant raised a meritorious defense to the action, i.e., that it was not acting as a general contractor at the site where plaintiff was injured (*see generally Feltt*, 247 AD2d at 691). Present— Hurlbutt, J.P., Martoche, Smith, Centra and Peradotto, JJ.