■ MICHAEL DAHAR, Appellant, v HOLLAND LADDER & MANUFACTURING COMPANY et al., Respondents. BECHTEL CORPORATION et al., Third-Party Plaintiffs-Respondents, v WEST METAL WORKS, INC., Third-Party Defendant-Respondent. (Appeal No. 1.) [914 NYS2d 817]—

Appeal from an order of the Supreme Court, Erie County

(Joseph D. Mintz, J.), entered November 17, 2009 in a personal injury action. The order, among other things, denied plaintiff's cross motion for partial summary judgment.

It is hereby ordered that the order so appealed from is affirmed without costs.

Memorandum: Plaintiff commenced this Labor Law and common-law negligence action seeking damages for injuries he allegedly sustained when he fell from a ladder at his employer's shop while readying a fabricated component for shipment to an off-site construction project. At the time of his accident, plaintiff was employed by third-party defendant West Metal Works, Inc. (West Metal) at its fabrication shop (shop) in Cheektowaga, New York. The shop was located in a building that West Metal leased from defendants Warner G. Martin and Shirley J. Martin (collectively, Martins). The written lease between the Martins and West Metal limited the use of the leasehold premises to "manufacturing and industrial purposes." The primary business of West Metal is custom metal fabrication of steel and stainless steel products. At the time of his accident, plaintiff was engaged in the final phase of the fabrication of a component part of a nuclear waste treatment plant that was being constructed by the United States Department of Energy in Richmond, Virginia. Steel fabrication is the "customary occupational work" of plaintiff (*Jock v Fien*, 80 NY2d 965, 966 [1992]), and it is the "customary business of his employer," West Metal (*Foster v Joseph Co.*, 216 AD2d 944, 944 [1995]). Plaintiff's work at the shop the day of the accident involved cleaning grease and welding residue off of a wall module prior to its shipment from the shop to the construction site. The wall module was fabricated pursuant to a purchase order between West Metal and defendants/third-party plaintiffs Bechtel Corporation and Bechtel National, Inc. (collectively, Bechtel defendants). Plaintiff was injured during that process when he was descending a ladder and a rung broke.

At the time of his accident, plaintiff was not performing work on any part of the shop building where he was employed. Labor Law § 240 (1), contained within article 10 of the Labor Law, entitled "Building Construction, Demolition and Repair Work," applies to workers engaged in the "erection, demolition, repairing, altering, painting, cleaning or pointing of a building or a structure." Section 240 (1) does not apply to workers engaged in the fabrication of component parts that are to be shipped from the fabrication facility to an off-site construction location (*see Jock*, 80 NY2d at 968; *Davis v Wind-Sun Constr., Inc.*, 70 AD3d 1383 [2010]; *Solly v Tam Ceramics*, 258 AD2d 914 [1999]).

Ignoring the context and nature of plaintiff's work, the dissent concludes, notwithstanding those well-settled principles, that plaintiff's work on a fabricated component part constituted the protected activity of "cleaning" a "structure" (Labor Law § 240 [1]). The cases relied upon by the dissent, however, are readily distinguishable from the fabrication situation at issue. In *Lewis-Moors v Contel of N.Y.* (78 NY2d 942 [1991], *affg* 167 AD2d 732 [1990]), the plaintiff was employed on a project involving the removal and replacement of a network of telephone poles. The Court of Appeals agreed with the Third Department that "a telephone pole with attached hardware, cable and support systems constitutes a structure within the meaning of . . . section [240 (1)]" (*id.* at 943). In *Pino v Robert Martin Co.* (22 AD3d 549, 551 [2005]), the plaintiff was removing shelving from a building wall that was to be demolished as part of a construction and renovation project. Neither of those cases addresses the issue whether a partially fabricated component part that is to be shipped to an off-site construction project constitutes a "structure" pursuant to section 240 (1).

Inasmuch as plaintiff was engaged in a "normal manufacturing process" at a factory building, we conclude that he was not engaged in a protected activity pursuant to Labor Law § 240 (1) (*Jock*, 80 NY2d at 968). Thus, with respect to the order in appeal No. 1, we conclude that Supreme Court properly granted those parts of the motions of the Martins and the Bechtel defendants seeking summary judgment dismissing the Labor Law § 240 (1) claim against them and denied those parts of plaintiff's cross motion seeking partial summary judgment on liability with respect to the Labor Law § 240 (1) claim against the Martins and the Bechtel defendants. The Bechtel defendants also submitted evidence in support of their motion establishing that they are not subject to liability under section 240 (1) either as "owners" (*see generally Scaparo v Village of Ilion*, 13 NY3d 864, 866-867 [2009]), or as "contractors" (*see generally Rauls v DirecTV, Inc.*, 60 AD3d 1337 [2009]), and plaintiff failed to raise a triable issue of fact with respect thereto (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

The court also properly granted that part of the motion of the Martins seeking summary judgment dismissing the Labor Law § 200 claim and common-law negligence cause of action against them. The Martins established their entitlement to judgment as a matter of law by demonstrating that they did not exercise supervisory control over plaintiff's work and that they neither created nor had actual or constructive notice of the allegedly dangerous condition that caused the accident, and plaintiff failed

to raise a triable issue of fact in opposition (*see Alnutt v J&E Elec.*, 28 AD3d 1214 [2006]).

With respect to the order in appeal No. 2, we conclude that the court properly granted the motion of the Bechtel defendants seeking leave to reargue those parts of their motion for summary judgment dismissing, inter alia, the Labor Law § 200 claim and common-law negligence cause of action against it and, upon reargument, the court properly granted those parts of its motion. The Bechtel defendants "met [their] burden of establishing that [they] did not supervise or control the work resulting in plaintiff's injury, and plaintiff[ ] failed to raise a triable issue of fact" in opposition (*Cooper v Sonwil Distrib. Ctr., Inc.*, 15 AD3d 878, 878-879 [2005]).

All concur except Lindley and Green, JJ., who dissent in part and vote to modify in accordance with the following memorandum.

Lindley and Green, JJ. (dissenting in part). We respectfully dissent in part. Contrary to the majority, we conclude in appeal No. 1 that Supreme Court erred in granting that part of the motion of defendants Warner G. Martin and Shirley J. Martin (collectively, Martins) seeking summary judgment dismissing the Labor Law § 240 (1) claim against them and in denying that part of plaintiff's cross motion seeking partial summary judgment on liability with respect to the Labor Law § 240 (1) claim against the Martins. Plaintiff established that the Martins are "owners" within the meaning of section 240 (1) (*see generally Sanatass v Consolidated Inv. Co., Inc.*, 10 NY3d 333, 339-340 [2008]). In addition, "[u]nder Labor Law § 240 (1), a 'structure' is 'any production or piece of work artificially built up or composed of parts joined together in some definite manner,' " and thus the wall module that plaintiff was cleaning when he fell is a "structure" within the meaning of the statute (*Lewis-Moors v Contel of N.Y.*, 78 NY2d 942, 943 [1991]; *see Pino v Robert Martin Co.*, 22 AD3d 549, 552 [2005]). Plaintiff further established that he was engaged in a protected activity, i.e., "cleaning," at the time of the accident, despite the fact that his work was not related to building construction, demolition or repair. "The crucial consideration under section 240 (1) is not whether the cleaning is taking place as part of a construction, demolition or repair project, or is incidental to another activity protected under section 240 (1) . . . Rather, liability turns on whether the particular [cleaning] task creates an elevation-related risk of the kind that the safety devices listed in section 240 (1) protect against" (*Broggy v Rockefeller Group, Inc.*, 8 NY3d 675, 681 [2007]). Here, plaintiff met his burden of

establishing that he was exposed to an elevation-related risk and that he was not provided with an adequate safety device (*see Swiderska v New York Univ.*, 10 NY3d 792 [2008]). The Martins failed to raise a triable issue of fact sufficient to defeat the cross motion (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). We therefore would modify the order in appeal No. 1 accordingly. Present—Scudder, P.J., Smith, Carni, Lindley and Green, JJ.