# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**13**

**CA 09-02486**

PRESENT: SCUDDER, P.J., PERADOTTO, CARNI, GREEN, AND GORSKI, JJ.

---

BRIAN RAULS, PLAINTIFF-RESPONDENT,

V                                    MEMORANDUM AND ORDER

DIRECTV, INC., DEFENDANT-APPELLANT.

---

LEMERY GREISLER LLC, SARATOGA SPRINGS (ROBERT A. LIPPMAN OF COUNSEL), FOR DEFENDANT-APPELLANT.

GROSS, SHUMAN, BRIZDLE & GILFILLAN, P.C., BUFFALO (HARRY J. FORREST OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

---

Appeal from an order and judgment (one paper) of the Supreme Court, Erie County (Frank A. Sedita, Jr., J.), entered November 9, 2009 in a personal injury action. The order and judgment awarded plaintiff money damages for defendant's violation of Labor Law § 240 (1).

It is hereby ORDERED that the order and judgment so appealed from is unanimously reversed on the law without costs and the motion is denied.

Memorandum: Defendant contends on appeal that Supreme Court erred in sua sponte converting plaintiff's motion for leave to "renew" his prior motion for a default judgment to a motion for summary judgment, granting summary judgment to plaintiff, and awarding damages on plaintiff's Labor Law § 240 (1) claim. We agree. We note at the outset that defendant's notice of appeal recites that the appeal is taken from Supreme Court's "Decision and Order" entered November 9, 2009 when in fact the record contains a document entitled an "order and judgment" that was entered on that date. We nevertheless exercise our discretion to treat the notice of appeal as valid and deem the appeal as taken from the order and judgment (*see* CPLR 5520 [c]). With respect to the merits, we note that there is no procedural mechanism in the CPLR authorizing a court to convert a motion for leave to renew a motion for a default judgment to a motion for summary judgment. In any event, it is well established that a "court may not, on its own initiative, convert a motion for [relief other than for summary judgment] into one for summary judgment without giving adequate notice to the parties and affording the parties an opportunity to lay bare their proof" (*Clark v New York State Off. of Parks, Recreation & Historic Preserv.*, 288 AD2d 934, 935). Here, it is undisputed that neither party moved for summary judgment and that the court at oral argument of plaintiff's motion for leave to renew provided no notice

to the parties before sua sponte converting the motion to a motion for summary judgment and then granting summary judgment to plaintiff.  The court thus "deprived [defendant] of the opportunity to make an appropriate record" (*Matter of Wargo v Amica Mut. Ins. Co.*, 6 AD3d 541, 543).

We cannot agree with plaintiff that the court properly converted the motion on the ground that the parties were " 'deliberately charting a summary judgment course' " (*Mihlovan v Grozavu*, 72 NY2d 506, 508; *see Clark*, 288 AD2d at 935).  After this Court reversed the prior order of Supreme Court insofar as appealed from by granting in its entirety defendant's motion to vacate the default judgment entered against it (*Rauls v DirecTV, Inc.*, 60 AD3d 1337), defendant interposed an answer, served discovery demands, and noticed depositions.  Depositions of plaintiff and a representative of defendant had been scheduled and were adjourned at the request of plaintiff's counsel.  Shortly thereafter, plaintiff moved for leave to renew the prior motion seeking a default judgment and, notably, in opposition to that motion, defendant expressly contended that "[t]he plaintiff must proceed forward with discovery and move for summary judgment at the appropriate time."

Plaintiff contends in the alternative that we should modify the order and judgment on appeal by granting his motion for leave to renew and reinstating the default judgment.  Plaintiff was not entitled to take a cross appeal, having obtained the full relief sought, "even where [the plaintiff] disagrees with the particular findings, rationale or the opinion supporting the judgment or order below in his favor" (*Parochial Bus Sys. v Board of Educ. of City of N.Y.*, 60 NY2d 539, 545).  Nevertheless, plaintiff may assert an alternative ground for affirmance where, as here, the defendant would prevail on a reversal on appeal (*see generally id.* at 545-546; *Harnischfeger v Moore*, 56 AD3d 1131).  We conclude, however, that plaintiff's alternative contention lacks merit.  A plaintiff may seek a default judgment only "[w]hen a defendant has failed to appear, plead or proceed to trial of an action reached and called for trial, or when the court orders a dismissal for any other neglect to proceed" (CPLR 3215 [a]).  Here, once defendant interposed its answer pursuant to this Court's decision on defendant's prior appeal (*Rauls*, 60 AD3d at 1338), defendant was no longer in default and there was thus no procedural basis for seeking leave to "renew" the motion for a default judgment entered upon defendant's earlier failure to answer the complaint in a timely manner.

In light of our determination, we do not address the remaining contentions of the parties.

Entered:  February 10, 2011                        Patricia L. Morgan
                                                   Clerk of the Court