■ THOMAS PHILLIPS, Appellant, v POWERCRAT CORPORATION et al., Respondents/Third-Party Plaintiffs-Respondents, et al., Third-Party Defendant. [6 NYS3d 50]—

Order, Supreme Court, Bronx County (Howard H. Sherman, J.), entered on or about April 23, 2014, which, insofar as appealed from as limited by the briefs, denied plaintiff's motion for summary judgment against defendant KMCP, LLC on the issue of liability under Labor Law § 240 (1), and granted so much of defendants Powercrat Corp. and KMCP's and Von Rohr Equipment Corp.'s motions as sought summary judgment dismissing the Labor Law §§ 240 (1) and 241 (6) claims as against them, unanimously reversed, on the law, without costs, plaintiff's motion granted, and defendants' motions for summary judgment dismissing the Labor Law §§ 240 (1) and 241 (6) claims as against them denied.

Plaintiff was injured in a fall from an unsecured ladder while working in a warehouse, where his job was to "clean out, remove machines, break down structures . . . and ship them out." The work included removal of heavy machinery and shelves that ran from floor to ceiling across three second-floor

walls, each 50 feet long and 8 feet high, and were bolted to the floors and walls. The breaking down and removing of the shelves required the use of impact wrenches and sawzalls to cut the bolts. Removed materials, including shelving, were heavy, and had to be loaded in cages, which were then lifted by a pallet jack, moved to the edge of the second floor, and lowered to the first floor with a forklift. The dismantling of the shelves was a sufficiently complex and difficult task to render the shelving a "structure" within the meaning of Labor Law §§ 240 (1) and 241 (6) (*see Kharie v South Shore Record Mgt., Inc.*, 118 AD3d 955, 955 [2d Dept 2014]; *Pino v Robert Martin Co.*, 22 AD3d 549, 551-552 [2d Dept 2005]). Moreover, in dismantling the shelving, plaintiff was engaged in "demolition" for purposes of sections 240 (1) and 241 (6) (*see Kharie*, 118 AD3d at 956; *Pino*, 22 AD3d at 552; *Medina v City of New York*, 87 AD3d 907 [1st Dept 2011]; Industrial Code [12 NYCRR] § 23-1.4 [b] [16]).

In opposition to plaintiff's prima facie showing, defendants failed to raise an issue of fact whether plaintiff was the sole cause of his accident (*see Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 289 n 8 [2003]). There is no evidence that plaintiff received any "immediate and active direction" not to use the ladder, as required to establish a recalcitrant worker defense (*see Balthazar v Full Circle Constr. Corp.*, 268 AD2d 96, 99 [1st Dept 2000]; *Hernandez v 151 Sullivan Tenant Corp.*, 307 AD2d 207 [1st Dept 2003]).

We have considered the parties' remaining arguments for affirmative relief and find them unavailing. Concur—Friedman, J.P., Andrias, Saxe, Richter and Gische, JJ.