■ DOROTHY VILLALBA et al., Respondents, v NEW YORK ELEVATOR AND ELECTRICAL CORPORATION, INC., Respondent-Appellant, and WSA MANAGEMENT LTD. et al., Appellants-Respondents. [9 NYS3d 21]—

Order, Supreme Court, New York County (Carol Robinson Edmead, J.), entered May 1, 2014, which, to the extent appealed from, denied that portion of defendant New York Elevator and Electrical Corporation, Inc.'s (NYE's) motion for summary judgment seeking dismissal of the complaint and cross claims against it, and granted that portion of the motion seeking summary judgment on its cross claim against defendants WSA Management Ltd. and WSA Equities, LLC (collectively, WSA) for breach of contract for failure to procure insurance, unanimously affirmed, without costs.

Issues of fact exist as to whether prior malfunctions of the subject elevator provided notice of an unsafe condition that caused the malfunction resulting in plaintiff's injuries (*see Rogers v Dorchester Assoc.*, 32 NY2d 553, 559 [1973]). Although NYE's expert explained how construction dust may interfere with the operation of the elevator, he never stated the basis for his conclusion that the malfunction at issue was due to construction dust and not some other cause, and his conclusion was therefore speculative. Even if it was not speculative, the expert affidavit submitted by WSA raises issues of fact as to the cause of the elevator malfunction. We reject NYE's assertion that plaintiffs' claims that the elevator briefly dropped rapidly, reversed directions and ascended rapidly, multiple times, is physically impossible. Plaintiffs' description of the event presents an issue of credibility.

The evidence conclusively establishes that NYE was the suc-

cessor to Gemini/Empire Elevator Company with whom WSA Management contracted for maintenance of the elevator that allegedly malfunctioned. WSA further admitted in a reply to NYE's notice to admit that, at the time of the malfunction, NYE was maintaining the elevator pursuant to the contract between Gemini/Empire and WSA Management. Accordingly, the motion court properly granted NYE's motion for summary judgment on its cross claim against WSA for breach of contract for failure to procure insurance in accord with the provisions of the contract between Gemini/Empire and WSA Management. Concur—Tom, J.P., Sweeny, Manzanet-Daniels, Clark and Kapnick, JJ.