■ DEREK V. SIMMONS, Appellant, v MDA CONTRACTING INC. et al., Respondents. [24 NYS3d 648]—

Order, Supreme Court, New York County (Paul Wooten, J.), entered April 29, 2014, which, to the extent appealed from as limited by the briefs, granted the Kaufman defendants' (Kaufman) motion for summary judgment dismissing the complaint as against them, unanimously reversed, on the law, without costs, and the motion denied.

Kaufman established prima facie, through sworn statements by their elevator consultant/expert and employees with personal knowledge, that the elevator was functioning properly, that there had been no previous complaints about its operation, and that it had not been "hot-wired," as plaintiff claimed, to override the interlocking safety devices that preclude its gates and doors from opening while it is in motion (*see Santoni v Bertelsmann Prop., Inc.*, 21 AD3d 712 [1st Dept 2005]). However, in opposition, plaintiff raised issues of fact, including credibility issues, as to the overriding of the safety devices through his eyewitness testimony that the freight elevator had mis-leveled and that the freight car operator had told him to wait while he moved the elevator car—although its gates and doors remained open—and Kaufman's elevator expert's testimony, on cross-examination, acknowledging that an elevator could easily be "hot-wired" by the use of a toothpick or small wire (*see Villalba v New York El. & Elec. Corp., Inc.*, 127 AD3d 650 [1st Dept 2015]). While testimony that is unbelievable because it is "physically impossible [or] contrary to experience" should be disregarded as lacking evidentiary value (*Loughlin v City of New York*, 186 AD2d 176, 177 [2d Dept 1992], *lv denied* 81 NY2d 704 [1993]), plaintiff's testimony, indirectly buttressed by Kaufman's expert's testimony, raises genuine triable issues whether Kaufman, through its employees, either knew of or created the alleged hazardous mis-leveled condition of the elevator (*see Gordon v American Museum of Natural History*, 67 NY2d 836 [1986]). The alleged improper functioning of the elevator would not have been impossible if the elevator had been hot-wired, and the inference that the elevator was hot-wired is reasonable in the circumstances of this case. Concur—Tom, J.P., Acosta, Moskowitz and Gische, JJ.