Charles Cronin et al., Respondents, v New York City Transit Authority, Appellant. [38 NYS3d 544]—

Order, Supreme Court, New York County (Eileen A. Rakower, J.), entered November 23, 2015, which granted plaintiffs' motion for partial summary judgment on their Labor Law § 240 (1) claim, and order, same court, Justice and entry date, which denied defendant's motion for summary judgment dismissing plaintiffs' complaint, unanimously affirmed, without costs.

Plaintiffs made a prima facie showing of their entitlement to judgment as a matter of law on the issue of liability with respect to their Labor Law § 240 (1) cause of action, by submitting evidence that defendant owner failed to provide plaintiff worker with an adequate safety device to perform his assigned task and that this failure proximately caused his injuries (*see Felker v Corning Inc.*, 90 NY2d 219, 224 [1997]; *see also Keenan v Simon Prop. Group, Inc.*, 106 AD3d 586, 588 [1st Dept 2013]).

In opposition, defendant failed to raise a triable issue of fact. Defendant's argument that plaintiff was the sole proximate cause of his injuries because he failed to use one of the A-frame ladders kept in his employer's van, is unavailing. Defendant failed to rebut plaintiff's testimony that he used defendant's straight ladder, which did not have rubber footings, because the work space would not have allowed for the A-frame ladder to be opened (*see Keenan*, 106 AD3d at 588-589). Defendant's argument that the A-frame ladder could have fit in the space is unsupported by evidentiary facts or an expert opinion (*see Miglionico v Bovis Lend Lease, Inc.*, 47 AD3d 561, 565 [1st Dept 2008]). Nor is there any evidence showing that plaintiff was told not to use the defendant's ladder or that he knew he should not do so (*Phillips v Powercrat Corp.*, 126 AD3d 590, 591 [1st Dept 2015]; *Keenan*, 106 AD3d at 589). That plaintiff fell only three feet does not render Labor Law § 240 (1) inapplicable (*see Brown v VJB Constr. Corp.*, 50 AD3d 373, 376 [1st Dept 2008]).

We do not reach defendant's unpreserved arguments that plaintiffs' motion was fatally defective because it did not contain a copy of the notice of claim and because the complaint was missing a page (*see Al Fayed v Barak*, 39 AD3d 371, 371-372 [1st Dept 2007]; *see also Marcel v Chief Energy Corp.*, 38 AD3d 502, 503 [2d Dept 2007]).

Given the grant of partial summary judgment on plaintiffs' Labor Law § 240 (1) claim, defendant's arguments regarding plaintiffs' claims for common-law negligence and Labor Law §§ 200 and 241 (6) are academic (*see Fanning v Rockefeller Univ.*, 106 AD3d 484, 485 [1st Dept 2013]). Concur—Friedman, J.P., Saxe, Moskowitz, Gische and Kahn, JJ.