# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

811

CA 15-02033

PRESENT: SMITH, J.P., CARNI, LINDLEY, DEJOSEPH, AND SCUDDER, JJ.

---

DANIELLE DOTZLER, PLAINTIFF-RESPONDENT,

V                                              MEMORANDUM AND ORDER

THOMAS S. BUONO, DEFENDANT-APPELLANT.

---

THE LAW OFFICE OF MATTHEW ALBERT, ESQ., BUFFALO (MATTHEW ALBERT OF COUNSEL), FOR DEFENDANT-APPELLANT.

MICHAEL C. WILD, ESQ. PLLC, WILLIAMSVILLE (MICHAEL C. WILD OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

---

Appeal from an order and judgment (one paper) of the Supreme Court, Erie County (Christopher J. Burns, J.), entered February 4, 2015. The order and judgment granted plaintiff's motion for an order determining that defendant was in contempt of court, imposed a fine, struck defendant's answer and awarded plaintiff a money judgment against defendant.

It is hereby ORDERED that the order and judgment so appealed from is unanimously reversed on the law without costs, the motion is denied, defendant's answer is reinstated and the award of judgment is vacated.

Memorandum: In this action to recover damages for an alleged breach of contract, defendant appeals from an order and judgment that found him in contempt of court for failing to comply with a temporary restraining order (TRO), and sua sponte struck his answer and granted plaintiff the relief sought in her complaint. Plaintiff contracted with defendant to purchase defendant's mobile home and made a down payment of $11,000. After defendant allegedly failed to deliver the keys to the mobile home, plaintiff commenced this action seeking to recover the down payment. According to defendant, plaintiff failed to make further payments due under the agreement, and defendant refused to deliver the mobile home. Defendant further alleged that plaintiff forfeited the down payment, and he refused to return it to plaintiff.

Subsequently, plaintiff discovered that defendant had sold the mobile home to a third party. Supreme Court granted plaintiff's application for a TRO that enjoined defendant from "diverting or otherwise alienating the proceeds of the sale of the trailer." Plaintiff served the TRO on defendant's counsel, who then mailed the order to the home address that had been provided to him by defendant. Unbeknownst to defendant's counsel, defendant had moved his residence

and did not receive the TRO before he spent the proceeds from the sale of the mobile home.  The court found defendant in contempt of court because he failed to comply with the TRO, and the court sua sponte dismissed defendant's answer and granted plaintiff the relief sought in the complaint.  We reverse.

A finding of civil contempt must be supported by four elements: (1) "a lawful order of the court, clearly expressing an unequivocal mandate, was in effect"; (2) "[i]t must appear, with reasonable certainty, that the order has been disobeyed"; (3) "the party to be held in contempt must have had knowledge of the court's order, although it is not necessary that the order actually have been served upon the party"; and (4) "prejudice to the right of a party to the litigation must be demonstrated" (*Matter of McCormick v Axelrod*, 59 NY2d 574, 583, *order amended* 60 NY2d 652).  The party seeking an order of contempt has the burden of establishing those four elements by clear and convincing evidence (*see El-Dehdan v El-Dehdan*, 26 NY3d 19, 29; *Belkhir v Amrane-Belkhir*, 128 AD3d 1382, 1382).

Here, we agree with defendant that plaintiff failed to establish by the requisite clear and convincing evidence that defendant had actual knowledge of the TRO at the time he spent the proceeds from the sale of the mobile home (*see Puro v Puro*, 39 AD2d 873, 873, *affd* 33 NY2d 805).  We reject plaintiff's contention that defendant's actual knowledge of the TRO is not necessary here because she served the TRO upon defendant's attorney (*see* CPLR 2103 [b]).  "Actual knowledge of a judgment or order is an indispensable element of a contempt proceeding" (*Orchard Park Cent. Sch. Dist. v Orchard Park Teachers Assn.*, 50 AD2d 462, 468, *appeal dismissed* 38 NY2d 911; *see Matter of Howell v Lovell*, 103 AD3d 1229, 1230), and the record establishes that defendant did not receive the TRO before he spent the proceeds from the sale of the mobile home.

We further conclude that the court erred in awarding plaintiff summary judgment without affording adequate notice to defendant (*see Town of Lloyd v Moreno*, 297 AD2d 403, 405; *Clark v New York State Off. of Parks, Recreation & Historic Preserv.*, 288 AD2d 934, 935).  We note that neither party moved for summary judgment nor made any request for such relief (*see Clark*, 288 AD2d at 935).  During the contempt hearing, the court asked only one question relating to the merits of the action, and we conclude that the court's inquiry did not give the parties notice that the court planned to award summary judgment to plaintiff.

In light of the foregoing, we deny the motion for contempt, reinstate the answer, and vacate the award of judgment.

Entered:  November 10, 2016                      Frances E. Cafarell
                                                 Clerk of the Court