St. Anthony's High School, Appellant,
against
Adam Wainkikainen, Defendant, and Andrea Ferraro, Respondent.




Arnold A. Arpino & Associates, P.C. (Arnold A. Arpino of counsel), for appellant.
Andrea Ferraro, respondent pro se (no brief filed).

Appeal from an order of the District Court of Suffolk County, First District (James F. Matthews, J.), dated March 21, 2017. The order, insofar as appealed from as limited by the brief, upon implicitly granting a motion by defendant Andrea Ferraro to vacate so much of a judgment of that court entered February 7, 2017 as was against her upon her failure to appear or answer the complaint, sua sponte, dismissed so much of the complaint as was asserted against defendant Andrea Ferraro.




ORDERED that, on the court's own motion, the notice of appeal from so much of the order as, sua sponte, dismissed so much of the complaint as was asserted against defendant Andrea Ferraro is deemed an application for leave to appeal from that portion of the order, and leave to appeal is granted (see UDCA 1702 [c]); and it is further,
ORDERED that the order, insofar as appealed from, is reversed, without costs, and the portion of the order dismissing so much of the complaint as was asserted against defendant Andrea Ferraro is vacated. 
In or about November 2016, plaintiff commenced this breach of contract and account stated action to recover tuition and expenses for educational services plaintiff had provided to defendants' minor child. Defendants failed to appear or answer the complaint and a default judgment was entered against them on February 7, 2017.
By order to show cause returnable in March 2017, defendant Andrea Ferraro moved to vacate so much of the default judgment as was against her. In an affidavit in support of the motion, Ferraro stated, among other things, that her son's "father [defendant Adam Wainkikainen] was responsible for his education . . . his father thought that St. Anthony's would be a better school, and told me he would take care of it"; and that she is not on any of the paperwork, and "just want[s] the chance for my side to be heard." Plaintiff opposed the motion. During oral arguments on the motion, Ferraro was sworn in and stated that she had never been married to Wainkikainen, who was the person who had enrolled their son into the school. She submitted emails between herself and plaintiff in which plaintiff had refused to provide her with requested documents because she was not on her son's account. She also submitted an affidavit from Wainkikainen in which he stated that he was solely responsible for enrolling their son in the school, and that he was solely responsible for the tuition payments. Thereafter, by order dated March 21, 2017, the District Court implicitly granted Ferraro's motion to vacate so much of the default judgment as was against her upon finding that she had established a reasonable excuse for her default and a meritorious defense to the action (see CPLR 5015 [1] [a]) and, sua sponte, dismissed so much of the complaint as was asserted against Ferraro upon further finding that no issues of fact existed because Ferraro had no responsibility to pay the private school tuition.
On appeal, plaintiff raises no issue with respect to so much of the order as implicitly granted defendant Ferraro's motion to vacate so much of the default judgment as was against her; rather, it argues that the case should have been adjourned for trial or arbitration. 
Inasmuch as Ferraro did not move for summary judgment dismissing the complaint, the District Court should not have, sua sponte, granted such relief to her as there is "no procedural mechanism in the CPLR authorizing" such action (Rauls v DirecTV, Inc., 81 AD3d 1252, 1253 [2011]). In any event, a " 'court may not, on its own initiative, convert a motion for [relief other than for summary judgment] into one for summary judgment without giving adequate notice to the parties and affording the parties an opportunity to lay bare their proof' " (Rauls v DirecTV, Inc., 81 AD3d at 1253, quoting Clark v New York State Off. of Parks, Recreation & Historic Preserv., 288 AD2d 934, 935 [2001]).
We pass on no other issue.
Accordingly, the order, insofar as appealed from, is reversed and the portion of the order
dismissing so much of the complaint as was asserted against defendant Andrea Ferraro is vacated. 
MARANO, P.J., GARGUILO and RUDERMAN, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: July 12, 2018