Francis v 3475 Third Ave. Owner Realty, LLC (2023 NY Slip Op 00951)

Francis v 3475 Third Ave. Owner Realty, LLC

2023 NY Slip Op 00951

Decided on February 21, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 21, 2023

Before: Kapnick, J.P., Oing, Kennedy, Pitt-Burke, JJ. 

Index No. 21991/18E Appeal No. 17385 Case No. 2022-03273 

[*1]Benedict Francis, Plaintiff-Appellant,
v
3475 Third Avenue Owner Realty, LLC, et al., Defendants-Respondents, 167-168 Third Avenue, LLC et al., Defendants.
3475 Third Avenue Owner Realty, LLC, et al., Third-Party Plaintiffs-Respondents,
v
Ideal Masonry, Inc., Third-Party Defendant-Respondent.

Alan S. Friedman, New York, for appellant.
Gartner + Bloom, P.C., New York (Kelsey Dougherty Howard of counsel), for 3475 Third Avenue Owner Realty, LLC, Real Builders, Inc., 3475 Third Avenue Housing Development Fund Corporation and 3475 Third Avenue MM LLC, respondents.
Ahmuty, Demers & McManus, Albertson (Glenn A. Kaminska of counsel), for Ideal Masonry, Inc., respondent.

Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered August 1, 2022, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion for summary judgment with respect to his Labor Law §§ 240 (1) and 241 (6) causes of action against defendants/third-party plaintiffs 3475 Third Avenue Owner Realty, LLC and Real Builders, Inc. and defendants 3475 Third Avenue Housing Development Fund Corporation and 3475 Third Avenue MM LLC (collectively defendants), and granted 3475 Third Avenue MM LLC's motion for summary judgment dismissing the complaint, unanimously modified, on the law, to grant plaintiff's motion on the Labor Law § 240 (1) claim as against 3475 Third Avenue Owner Realty, LLC, Real Builders, Inc., and 3475 Third Avenue Housing Development Fund, and otherwise affirmed, without costs.
Plaintiff made a prima facie showing of entitlement to summary judgment on his claim pursuant to Labor Law § 240 (1). His deposition testimony established that a proximate cause of his injury was the unsecured outrigger scaffold's planks, which collapsed when he stepped on it with his boss, causing them to fall approximately 16 feet to the ground. Contrary to the court's finding, defendants did not raise a triable issue of fact as to whether plaintiff was the sole proximate cause of his injuries. Since the statutory violation of a defective scaffold was a proximate cause of the accident, plaintiff cannot be the sole proximate cause of his accident and defendants cannot avail themselves of the recalcitrant worker defense (see Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d 280, 290 [2003]; Mora v Wythe & Kent Realty LLC, 171 AD3d 426, 426 [1st Dept 2019]).
Given the determination on plaintiff's Labor Law § 240 (1) claim, we need not reach defendants' arguments regarding plaintiff's Labor Law § 241 (6) claim (see Cronin v New York City Tr. Auth., 143 AD3d 419, 420 [1st Dept 2016]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 21, 2023