Trotman v Precision El. Corp. (2024 NY Slip Op 06140)

Trotman v Precision El. Corp.

2024 NY Slip Op 06140

Decided on December 05, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 05, 2024

Before: Webber, J.P., Moulton, Mendez, Pitt-Burke, O'Neill Levy, JJ. 

Index No. 24387/14 Appeal No. 3185 Case No. 2023-04759 

[*1]Glendell Trotman, Plaintiff-Appellant,
v
Precision Elevator Corp., et al., Defendants-Respondents.

Michael H. Zhu, P.C., Rego Park (Michael H. Zhu of counsel), and Morgan Levine Dolan P.C., New York, for appellant.
Heidell, Pittoni, Murphy & Bach, LLP, New York (Desiree L. Berger of counsel), for Precision Elevator Corp., respondent.
Ryan & Conlon, LLP, New York (William F. Ryan of counsel), for 41 Bennett Similis, LLC, respondent.

Order, Supreme Court, Bronx County (Elizabeth A. Taylor, J.), entered on or about July 5, 2023, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion for partial summary judgment on the issue of liability against defendants Precision Elevator Corp. (Precision) and 41 Bennett Similis LLC (Bennett), and granted defendants' cross-motions for summary judgment dismissing the complaint, unanimously modified, on the law, to deny defendants' cross-motions, and otherwise affirmed, without costs.
Plaintiff alleges she was injured when an elevator in an apartment building where she worked stopped between floors, its interior sliding door opened, the elevator shook or jumped forcefully up and down three to four times, and then descended to the basement before ascending to the sixth floor. The building is owned by Bennett, which retained Precision to maintain the elevator. According to Precision's elevator technician, the elevator, which was last modernized in 1965, had an average life span of 27 years and its controller was replaced in the 1970s, while the rest of the equipment was original.
In support of her motion for summary judgment, plaintiff submitted work tickets from Precision showing a history of failed inspections, malfunctions and repairs, including five prior "trouble calls," which related to the controller and its relays. In addition, she submitted the affidavit of an expert who opined that "[b]roken or loose wires on the controller that had not been replaced since the 1970's can cause erratic elevator malfunctions," such as those described by plaintiff. In opposition to plaintiff's motion and in support of their cross-motions, defendants each submitted expert engineering affidavits, which opined that it was mechanically impossible for the accident to have occurred as plaintiff described, unless there was a power failure in the building for which they were not responsible. Notably, Precision's elevator mechanics acknowledged in their testimony that loose or broken wires could have caused the elevator to malfunction in the way that plaintiff described, and Precision's elevator mechanic testified that he adjusted or repaired loose or broken wires on the elevator's controller on the day of the accident. The court should have denied defendants' cross-motions for summary judgment dismissing the complaint, since defendants did not establish as a matter of law that plaintiff's description of the accident is impossible (see Villalba v New York El. & Elec. Corp., Inc., 127 AD3d 650, 650 [1st Dept 2015]; Stewart v World El. Co, Inc., 84 AD3d 491, 496 [1st Dept 2011]). It is up to the jury to determine the credibility of plaintiff's account of the accident (see Ezzard v One E. Riv. Place Realty Co., LLC, 129 AD3d 159, 164 [1st Dept 2015]).
As for defendants' contention that they lacked actual or constructive notice of the defect that caused the accident, the record evidence submitted indicates a history of numerous prior [*2]repairs and a prior incident in which a passenger was stuck in the elevator. There are issues of fact as to whether the prior problems with the elevator "were similar in nature to the accident alleged here and caused by the same or similar contributing factors" (Gjonaj v Otis El. Co., 38 AD3d 384, 384-385 [1st Dept 2007]).
Even if defendants met their prima facie burden of demonstrating lack of actual or constructive notice of the particular defect that caused the accident, plaintiff raised triable issues regarding the applicability of the doctrine of res ipsa loquitur. The evidence presented, including the conflicting expert affidavits, raises a triable issue of fact as to whether the elevator malfunctioned as described by plaintiff, which does not ordinarily occur in the absence of negligence (see McLaughlin v Thyssen Dover El. Co., 117 AD3d 511, 512 [1st Dept 2014]). There are also triable issues regarding the extent of Precision's responsibility for the maintenance and repair of the elevator under its contract, and whether Precision, Bennett, or both, had exclusive control of the elevator (see Merrick v Macerich Co., 223 AD3d 530, 532 [1st Dept 2024]). It is undisputed that plaintiff did not contribute to the elevator's malfunction.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 5, 2024