Vines v Judlau Contr., Inc. (2025 NY Slip Op 03005)

Vines v Judlau Contr., Inc.

2025 NY Slip Op 03005

Decided on May 15, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 15, 2025

Before: Kern, J.P., Kennedy, González, Shulman, O'Neill Levy, JJ. 

Index No. 31470/18|Appeal No. 4365|Case No. 2024-02164|

[*1]Hakim Vines, Plaintiff-Respondent,
v
Judlau Contracting, Inc., et al., Defendants-Appellants, Roma Scaffolding Inc., et al., Defendants.

Newman Law Associates PLLC, New York (Jon E. Newman of counsel), for appellants.
Wingate, Russotti, Shapiro, Moses & Halperin, LLP, Garden City (Lisa M. Comeau of counsel), for respondent.

Order, Supreme Court, Bronx County (Myrna Socorro, J.), entered March 25, 2024, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion for partial summary judgment on the Labor Law § 240 (1) claim as against defendants-appellants (defendants), and denied defendants' cross-motion for summary judgment dismissing the complaint as against them, unanimously affirmed, without costs.
The court properly granted plaintiff summary judgment on the Labor Law § 240 (1) claim. Plaintiff established a statutory violation that was a proximate cause of his injuries through his testimony that he was struck by an unsecured brick that was dropped by a coworker unloading a hoist on a scaffold above him, which was supported by his foreman's affidavit. Although there was netting around the scaffold, it was inadequate to protect him from the falling brick (see Mayorquin v Carriage House Owner's Corp., 202 AD3d 541, 541-542 [1st Dept 2022]).
Defendants failed to establish that plaintiff was recalcitrant or the sole proximate cause of the accident. Although plaintiff's foreman stated in his affidavit that plaintiff ignored his instruction on the morning of the accident to move out of the hoist area when it was raised to the scaffold, "an instruction to avoid an unsafe practice is not a sufficient substitute for providing a worker with a safety device to allow him to complete his work safely" (Vasquez v Cohen Bros. Realty Corp., 105 AD3d 595, 598 [1st Dept 2013]). Moreover, plaintiff's actions amounted to at most comparative negligence, which is not a defense to a section 240(1) claim (see Hewitt v NY 70th St. LLC, 187 AD3d 574, 575 [1st Dept 2020]).
In view of the foregoing, defendants' arguments regarding plaintiff's claims for common-law negligence and Labor Law §§ 200 and 241(6) are academic (see Cronin v New York City Tr. Auth., 143 AD3d 419, 420 [1st Dept 2016]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 15, 2025