Tejeda v 57th & 6th Ground LLC (2026 NY Slip Op 00070)

Tejeda v 57th & 6th Ground LLC

2026 NY Slip Op 00070

Decided on January 08, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 08, 2026

Before: Moulton, J.P., González, Mendez, Rodriguez, Pitt-Burke, JJ. 

Index No. 157783/18, 596011/19|Appeal No. 5535|Case No. 2024-06221|

[*1]Juan Miguel Presinal Tejeda, Plaintiff-Respondent,
v57th & 6th Ground LLC et al., Defendants-Respondents-Appellants, CA 114 Prince LLC, Formerly Known as Carnegie Retail LLC, Defendant, ASK Standard Transit Corp Doing Business as Bike Rental Central Park, Defendant-Appellant-Respondent,
57th & 6th Ground LLC et al., Third-Party Plaintiffs-Respondents-Appellants,
vAsen Kostadinov et al., Third-Party Defendants-Appellants-Respondents.

Barton, LLP, New York (Barak Bacharach of counsel), for appellants-respondents.
Lester Schwab Katz & Dwyer, LLP, New York (Daniel S. Kotler of counsel), for 57th and 6th Ground LLC, Carnegie House Tenants Corporation and Georgetown 57 LLC, respondents-appellants.
Ginarte Gonzalez Winograd, LLP, New York (Anthony F. DeStefano of counsel), for respondent.

Order, Supreme Court, New York County (Paul A. Goetz, J.), entered on or about September 10, 2024, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion for partial summary judgment on his Labor Law §§ 240(1) and 241(6) claims and granted the motion of defendants 57th & 6th Ground LLC, Carnegie House Tenants Corporation i/s/h/a Carnagie House Tennants Corporation, and Georgetown 57, LLC (collectively, Landlords) for summary judgment on their cross-claims for contractual and common-law indemnification and breach of contract against defendant ASK Standard Transit Corp. d/b/a Bike Rental Central Park (Employer) and on their third-party claims for contractual indemnification and breach of contract against third-party defendants Asen Kostadinov and Go New York Tours, Inc. (collectively, Guarantors), unanimously affirmed, without costs.
Plaintiff met his prima facie burden of establishing that ASK Standard Transit Corp., plaintiff's employer, and Landlords violated Labor Law § 240(1) and that the violation proximately caused plaintiff's injuries. The uncontroverted evidence shows that the scaffold provided to plaintiff for the painting work he was performing lacked guardrails, and no other protective device was provided to prevent plaintiff from falling (see Vergara v SS 133 W. 21, LLC, 21 AD3d 279, 280 [1st Dept 2005]; see also Ordonez v One City Block, LLC, 191 AD3d 412, 413 [1st Dept 2021]). Under the circumstances presented here on the issue of liability, it does not matter that plaintiff stepped backward off the scaffold (see Vergara, 21 AD3d at 280). In opposition, defendants failed to raise a triable issue of fact.
Because we are affirming the grant of partial summary judgment on the Labor Law § 240(1) claim, the parties' arguments regarding plaintiff's Labor Law § 241(6) claim are rendered academic (see Cronin v New York City Tr. Auth., 143 AD3d 419, 420 [1st Dept 2016]).
This same finding of liability negates Employer's and Guarantors' argument that Landlords' motion for summary judgment on their indemnity claims are premature.
As to Landlords' breach of contract cross-claims against Employer and third-party claims against Guarantors, sub-article 47(A) of the lease obligated Employer to maintain "Comprehensive General Liability Insurance" with $3 million in "combined single limit" coverage. Instead, the general liability policy procured by Employer provided coverage only for a $1 million per occurrence limit and a $2 million general aggregate limit. The coverage rejection letter also indicated that the insurance policy excluded coverage for employees and contractors, in violation of sub-article 47(A). The other policy covered only workers' compensation claims and employers' liability claims involving "grave injuries"; while that insurer agreed to defend the claim, it declined to cover Employers' liability damages on the ground that plaintiff did not suffer a grave injury. Thus, based on the undisputed evidentiary submissions, the policies were not compliant with the requirements of the lease as a matter of law, causing a gap in coverage that resulted in damages to Landlords (see Villalba v New York El. & Elec. Corp., Inc., 127 AD3d 650, 651 [1st Dept 2015]).
We have considered defendants' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 8, 2026